# In the
# United States Court of Appeals
## For the Seventh Circuit
———————

No. 06-2073

INTERNATIONAL AIRPORT CENTERS, L.L.C., *et al.*,

*Plaintiffs-Appellants*,

*v.*

JACOB CITRIN,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 8104—**Wayne R. Andersen**, *Judge.*

———————

ARGUED AND DECIDED MAY 31, 2006[1]—OPINION JULY 25, 2006

———————

Before POSNER, WILLIAMS, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* This appeal is a sequel to our reversal earlier this year of the district court's dismissal of the plaintiffs' suit for failure to state a claim. 440 F.3d 418 (7th Cir. 2006). Because the suit had been dismissed on the pleadings, we assumed that the facts alleged in it were true; we made no factfindings. The complaint alleged that the defendant, Citrin, had, while employed by the plaintiffs (IAC for short), committed a breach of his fiduciary obliga-

---

[1] With notation that an opinion would follow.

tions to his employer when he deleted certain company data from the laptop that IAC had lent him to use in his work. The only question we decided was whether, *if* the facts alleged in the complaint were true (and, to repeat, we made no findings on that score), the defendant had, as charged in the complaint, violated the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. We answered "yes" and so sent the case back to the district court for further proceedings.

Citrin then asked IAC—and when IAC refused brought suit in the Delaware Chancery Court for an order compelling IAC—to advance him money for the attorneys' fees and other expenses that he was incurring to defend against IAC's suit. Citrin's employment contract required IAC to indemnify him for any damages he might incur if he was sued based on acts performed in connection with the company's business and prevailed in the suit, but also to pay his expenses of defending any suit based on such acts "in advance of the final disposition of such action . . . upon receipt of an undertaking by [him] to repay such amount plus reasonable interest in the event that it shall ultimately be determined that [he] was not entitled to be indemnified." Thus, if and when Citrin is found in our case to have breached his fiduciary duty to IAC, he will not be entitled to indemnity and therefore he will have to repay any money advanced to him by the company. His Delaware suit seeks advancement of the $1.3 million in attorneys' fees that he claims to have incurred already.

IAC is chartered in Delaware and concedes that Delaware law governs Citrin's contractual entitlement to the advance that he is seeking. Nevertheless it asked the district court to enjoin him from litigating the Delaware suit, on the ground that the suit is a collateral attack on our ruling that IAC has stated a claim against him under the federal computer fraud

statute. The district court denied the motion for a preliminary injunction, and IAC has appealed.

The Delaware suit is not a collateral attack on our ruling. Citrin is not asking the Delaware court to hold, contrary to our decision, that IAC has failed to state a claim under the federal computer statute. He is not asking to be indemnified on the ground that he is innocent of the charge of breach of fiduciary obligation. That would require a ruling on the merits of IAC's claim and he is not asking for that. All he is asking is that in advance of the final disposition of the suit in federal district court he receive his litigation expenses in accordance with the terms of his employment contract. And since entitlement to advancement is independent of the merits of the suit for which the money is sought, *Ridder v. CityFed Financial Corp.*, 47 F.3d 85, 86-87 (3d Cir. 1995); *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 822 (Del. 1992); *Senior Tour Players 207 Management Co. LLC v. Golftown 207 Holding Co. LLC*, 853 A.2d 124, 128 (Del. Ch. 2004); Stephen A. Radin, " 'Sinners Who Find Religion': Advancement of Litigation Expenses to Corporate Officials Accused of Wrongdoing," 25 *Rev. Litig*. 251, 268-69 (2006), the claim for advancement is not a compulsory counterclaim to that suit. For the claim does not arise out of the litigation; it arises out of the employment contract.

It is true that Citrin could have asked the district judge to order the advancement of fees, since the federal district court would have subject-matter and personal jurisdiction of a suit by Citrin against IAC arising out of the contract, though this would have required the judge to interpret Delaware law. But requiring IAC to defend the advancement suit in Delaware, the state whose law governs, can hardly be thought a hardship to the company or otherwise inappropriate. The only issues in the Delaware

suit are the applicability of the contractual advancement clause to Citrin's defense in the district court proceeding (specifically, whether IAC's suit concerns a matter arising out of Citrin's employment by the company) and the amount of litigation expense that Citrin has incurred. If any evidentiary hearing is required, it will surely be brief.

What is true is that "advancement" is rather a Delaware specialty, see, e.g., *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 211-13 (Del. 2005); Radin, *supra*, at 251-53, and though it has spread to other states, American College of Trial Lawyers, "The Erosion of the Attorney-Client Privilege and Work Product Doctrine in Federal Criminal Investigations," 41 *Duquesne L. Rev.* 307, 331-33 (2003), Delaware not only permits advancement clauses but encourages them. See, e.g., 8 Del. Code § 145; *Homestore, Inc. v. Tafeen*, *supra*, 888 A.2d at 211. So Delaware judges might be more favorably disposed to claims such as Citrin's than other judges, including federal judges in the Seventh Circuit, would be. And so there is an element of "forum shopping" in Citrin's decision to seek advancement in Delaware rather than in Chicago, where it could do so without a separate litigation. But more must be shown to justify an injunction against proceeding in what would be after all a perfectly natural and proper forum in which to bring such a suit.

The federal Anti-Injunction Act provides, moreover, a compelling alternative ground for the district judge's denial of IAC's motion for an injunction. The Act forbids, with narrow exceptions, a federal court's enjoining litigation in a state court. 28 U.S.C. § 2283. Although one of the exceptions is for cases in which the grant of an injunction by the federal court is "necessary . . . to protect or effectuate [the federal court's] judgments," there is no indication that the Delaware court is hostile to the federal Computer Fraud and

Abuse Act and will express that hostility by seeking to reexamine our ruling that IAC has stated a claim under the Act. If it did, moreover, its judgment would be denied preclusive effect in the federal litigation. *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763, 766 (7th Cir. 2003).

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*