MD ACQUISITION, L.L.C., et al., Plaintiffs–Appellants,

v.

Martin L. MYERS et al., Defendants–Appellees.

[Cite as *MD Acquisition, L.L.C. v. Myers,* 173 Ohio App.3d 247, 2007-Ohio-3521.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–279.

Decided July 10, 2007.

Squire, Sanders & Dempsey, L.L.P., John R. Gall, Pamela H. Thurston, Jill S. Kirila, and Heather L. Stutz, for appellants.

Clark, Perdue, Arnold & Scott Co., LPA, James E. Arnold, Scott J. Stitt, and James G. Vargo, for appellee Martin L. Myers.

DESHLER, Judge.

{¶ 1} Plaintiffs-appellants, MD Acquisition, L.L.C., and Martin Designs, Inc., appeal from a judgment of the Franklin County Court of Common Pleas granting a motion for partial summary judgment by defendant-appellee Martin L. Myers and ordering appellants to "advance expenses, including attorney fees, incurred to date as a result of Myers' defending against Plaintiffs' claims."

{¶ 2} This litigation arises from the sale of Myers's company, Martin Designs, to MD Acquisition, a Delaware limited-liability company. In October 2003, the parties entered into a stock-purchase agreement under which MD Acquisition acquired a majority interest in Martin Designs. The parties simultaneously executed an employment agreement under which Myers would stay on with Martin Designs at a specified salary for three years. Appellants subsequently sued Myers, seeking rescission of the stock-purchase agreement and alleging breaches of the purchase agreement and employment agreement, specifically asserting claims for misrepresentation, misuse, or misappropriation of corporate opportunities, improper disclosure of company information including customer lists and customer information, and misappropriation of trade secrets and confidential information.

{¶ 3} Myers counterclaimed for breach of contract and breach of fiduciary duty by MD Acquisition. Myers also sought advancement and indemnification of his legal expenses from Martin Designs under Section 6.01 and 6.02 of Martin Designs' code of regulations (corporate bylaws), enacted pursuant to R.C. 1701.13(E), which permits an Ohio corporation to establish indemnification provisions for its officers and directors. When Martin Designs refused to advance Myers's legal fees and expenses, Myers moved for summary judgment on the aspect of his counterclaim seeking the advancements.

{¶ 4} The trial court granted Myers's motion for partial summary judgment [1] in a decision that does not contain Civ.R. 54(B) language certifying that there is "no just reason for delay" in pursuing an appeal. Appellants sought to modify the trial court decision to include the Civ.R. 54(B) language in order to facilitate an immediate appeal on the advancement issue, but filed their notice of appeal before the court disposed of that motion. The trial court has subsequently denied the motion to include Civ.R. 54(B) language in its decision.

{¶ 5} The matter is currently before this court on the merits and on Myers's motion to dismiss for lack of a final, appealable order. Because we find for the reasons that follow that the trial court's order granting advancement of legal fees is not a final, appealable order under Ohio law, we dismiss the appeal.

{¶ 6} Advancement of litigation expenses for corporate officers and directors, while related to (and often a precursor of) indemnification, is a distinct remedy. Judge Posner of the United States Seventh Circuit Court of Appeals has stated that the law of advancement is "rather a Delaware specialty," *Internatl. Airport Ctrs. L.L.C. v. Citrin* (2006), 455 F.3d 749, 750, and the parties before us apparently agree, as they both urge application of Delaware precedent to the merits of the current appeal. In the same vein, we note that Delaware appears to allow an interlocutory appeal from an advancement proceeding. See, e.g., *Kaung v. Cole Natl. Corp.* (Del.2005), 884 A.2d 500; *Homestore, Inc. v. Tafeen* (Del.2005), 888 A.2d 204.

{¶ 7} Because Ohio courts have had little opportunity to address advancement issues in a comparable context, we would certainly not preclude turning to Delaware law when addressing the merits of Myers's advancement claim. On the purely procedural question of whether an order compelling advancement of legal fees is a final, appealable order in Ohio, however, foreign state case law is less instructive. Each jurisdiction has its own procedural standards, and the appealability of orders may vary widely from state to state. Moreover, the present case differs in posture from the above-noted Delaware cases. In the present matter, the advancement order is granted in the same forum and case in which the underlying merits will be disputed. In contrast, perhaps because of the unique situation of Delaware as the nexus of much corporate litigation in this country, many advancement actions are brought independently in Delaware Chancery Court while the underlying action proceeds elsewhere in state or federal court. *Citrin*, supra, 455 F.3d 749; *Citrin v. Internatl. Airport Ctrs., L.L.C.* (Del.Ch.

---

1. At oral argument, counsel for Myers conceded that Myers sought advancement only from his employer, Martin Designs, and that the relief awarded by the trial court exceeds the scope of the remedy sought in the motion by awarding advancement from both Martin Designs and MD Acquisition.

2006), C.A. No. 2005–N, 922 A.2d 1164. The advancement order in such circumstances might represent the last order issued by the Delaware state court in connection with the litigation and would present correspondingly greater indicia as a final, appealable order.

{¶ 8} Because of these statutory and procedural distinctions, we consider the issue of whether the trial court's judgment is appealable in this case as a question of first impression under Ohio law and without reference to foreign authorities.

{¶ 9} Ohio appellate courts may review only final orders or judgments. Section 3(B)(2), Article IV, Ohio Constitution. R.C. 2505.02(B) defines a final order as follows:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 10} In addition to R.C. 2505.02, final, appealable orders must meet the requirements of Civ.R. 54(B), which provides that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." The trial court in the present case has declined to include such language in its order. We find, however, that the absence of such language is not dispositive in the present matter because the Supreme Court of Ohio has expressly held that Civ.R. 54(B) certification is not necessary to appeal provisional remedies under R.C. 2505.02(B)(4), which is the section relied upon by appellants in this appeal. *State ex rel. Butler Cty. Children Serv. Bd. v. Sage* (2002), 95 Ohio St.3d 23, 764 N.E.2d 1027. Because an otherwise appealable order granting a provisional remedy may not be rendered unappealable by the absence of Civ.R. 54(B) certification, we find that the lack of Civ.R. 54(B)

language in the present entry is not dispositive, and we look to statutory definitions to assess the appealability of the court's judgment.

{¶ 11} Appellants argue that the trial court's order falls under R.C. 2505.02(B)(4) because it grants a provisional remedy for which appellants will not be afforded meaningful or effective recourse by an appeal after final adjudication on the underlying merits of the action. Myers responds that the trial court's order is not final in that it has yet to fully dispose of the provisional remedy, since the trial court has not yet determined even the amount of attorney fees to be advanced for prior litigation in this action, let alone the amounts for future litigation. Myers also points out that the trial court retains jurisdiction to modify or limit the expenses covered under the advancement provisions, and thus might at any time limit the extent or applicability of this provisional remedy. Finally, Myers argues that appellants have a meaningful and effective remedy if the court later ascertains that advancement was not appropriate, because he has agreed in the trial court that advancement is made to him under condition that he reimburse Martin Designs if later litigation establishes that he is not entitled to indemnification.

{¶ 12} We agree with Myers that the trial court's decision granting advancement of litigation expenses does not make a final determination that is ripe for review on appeal. The trial court has yet to ascertain the amount of attorney fees to be advanced, or the conditions and limitations under which the advancement will be made. The parties agree that such advancements are typically made subject to trial court review and approval on a periodic basis. The trial court in this case remains free to modify or limit its order on this issue, tailoring it to suit the conditions of ongoing litigation. The trial court's order, moreover, does not resolve the issue of indemnification. The sums advanced to Myers during this litigation are not irretrievably lost to appellants; if Myers is denied indemnification in subsequent proceedings, appellants will recoup some or all the sums advanced under conditions that the trial court finds best adapted to the outcome of the litigation, possibly including adjustment for the time value of money. That determination by the trial court will be fully reviewable upon a subsequent appeal to this court. Under these conditions, we find that the trial court's determination on the provisional issue of advancement does not foreclose a "meaningful or effective" remedy under R.C. 2505.02(B)(4) during the litigation on the merits. We accordingly find that an R.C. 2505.02(B)(4) analysis mandates the finding that the trial court's order is not ripe for appeal.

{¶ 13} In reaching this conclusion, we acknowledge, but do not adopt, appellants' assertion that we should analogize this order for advancement to one determining the duty of an insurance company to defend its insured, which indisputably may be immediately appealed in Ohio. *Gen. Acc. Ins. Co. v. Ins. Co.*

*of N. Am.* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266. In *Gen. Acc. Ins. Co.* and its progeny, courts have stressed the substantial rights involved and the irretrievable consequences, particularly of a denial of any duty to defend, upon the defendant. We find that duty-to-defend cases are clearly distinguishable from advancement cases precisely because of the irretrievable rights gained or lost in a duty-to-defend case. In contrast, the present case involves only advancement of litigation costs subject, as noted above, to recoupment or offset as the merits of the action may permit.

{¶ 14} In summary, we find that the trial court's judgment requiring advancement by appellants of Myers's litigation expenses in the underlying case is neither an order that affects a substantial right in the action and in effect determines the action nor an order granting a provisional remedy that prevents a subsequent judgment in the action in favor to the appealing party with respect to the provisional remedy. Because the judgment of the Franklin County Court of Common Pleas is not a final, appealable order, the appeal is dismissed.

Appeal dismissed.

FRENCH and TYACK, JJ., concur.

DESHLER, J., retired, of the Tenth Appellate District, sitting by assignment.