MILLER et al., Appellants,

v.

MILLER et al., Appellees.

[Cite as *Miller v. Miller*, 190 Ohio App.3d 458, 2010-Ohio-5662.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2009–T–0061.

Decided Nov. 19, 2010.

Comstock, Springer & Wilson and Marshall D. Buck; and Law Office of Charles L. Richards and Charles L. Richards, for appellants.

Ulmer & Berne, L.L.P., Michael N. Ungar, Marvin L. Karp, Lawrence D. Pollack, and Brad A. Sobolewski, for appellee Samuel M. Miller.

Guarnieri & Secrest, P.L.L., and Randil J. Rudloff, for appellee Daniel R. Umbs.

---

TIMOTHY P. CANNON, Judge.

{¶ 1} Appellants, Murray A. Miller ("Murray"), Sam H. Miller ("Sam H."), and Trumbull Industries, Inc., appeal from the May 29, 2009 judgment entry of the Trumbull County Court of Common Pleas, finding Trumbull Industries in contempt.

{¶ 2} The following facts and procedural history were taken from appellants' last appeal with this court, *Miller v. Miller,* 11th Dist. No. 2008–T–0076, 2009-Ohio-2092, 2009 WL 1176916.

{¶ 3} Trumbull Industries sells plumbing supplies, including vitreous china. Two sets of cousins own Trumbull Industries' common stock: brothers Murray and Sam H. comprise one set, and brothers Samuel M. Miller ("Sam M.") and Ken Miller comprise the other set.

{¶ 4} On February 24, 2003, appellants, Murray and Sam H., as shareholders, directors, and/or officers of Trumbull Industries, filed a complaint for injunctive relief and damages against appellees, Sam M. and Daniel R. Umbs ("Umbs"). Sam M. is the sole trustee of the Samuel M. Miller Revocable Living Trust, which owns 25 percent of the outstanding voting shares of Trumbull Industries. Sam M. is vice president of sales and marketing for Trumbull Industries and serves as the company's plumbing-products manager. Umbs is the former president of Briggs Plumbing Products, Inc. ("Briggs"), a supplier to Trumbull Industries.

{¶ 5} According to the complaint, Jacuzzi, Inc. entered into a contract with Briggs in 2002, in which Briggs would supply plumbing products to Jacuzzi. Umbs negotiated the Jacuzzi contract on behalf of Briggs. Sometime later in 2002, Umbs negotiated a contract to sell plumbing products to Jacuzzi on terms more favorable than those in the contract between Briggs and Jacuzzi.

{¶ 6} Sam M. became involved with Umbs in his efforts to sell plumbing products to Jacuzzi, which came to be known as "Private Brand." It was alleged that Sam M.'s involvement was not disclosed to appellants until December 4, 2002. Apparently, Sam M. informed appellants and shareholders of Trumbull Industries, by memorandum, of a "business opportunity" involving the operation of a business that would market private-brand plumbing and related products for sale to manufacturers and possibly other wholesalers, including Jacuzzi. The memorandum indicated that Private Brand "would source products from imported and domestic suppliers and re-brand these products under various brand names." Sam M. called this business opportunity the "Brand Company project." Appellants immediately objected and demanded that Sam M. cease and desist his involvement. However, appellants allege in their complaint that Sam M. did not comply but, rather, has been actively involved with Umbs in the Brand Company project.

{¶ 7} On February 10, 2003, Briggs filed a lawsuit against Umbs in the United States District Court for the District of South Carolina. At that time, appellants allege they discovered that Umbs had purportedly been acting on behalf of Trumbull Industries in his dealings with Jacuzzi.

{¶ 8} On April 28, 2003, appellees filed an answer to the complaint. Appellants later filed numerous amended complaints.

{¶ 9} On June 17, 2003, Sam M. filed a motion to compel appellants to repay and reimburse to Trumbull Industries all attorney fees and expenses.

{¶ 10} On March 1, 2004, appellants filed a motion for default judgment and/or sanctions. Appellees filed a response on March 19, 2004. The trial court denied appellants' motion for default judgment on April 15, 2004.

{¶ 11} Appellants filed a motion for sanctions on April 19, 2004. Appellants filed another motion, entitled "Motion for Sanctions (Default Judgment)," on November 5, 2004. On December 6, 2004, appellees filed a memorandum in opposition to appellants' motion for sanctions.

{¶ 12} Appellees filed a motion for summary judgment on September 7, 2005. On October 3, 2005, appellants filed a memorandum in opposition. Appellees filed a reply on October 18, 2005.

{¶ 13} A hearing was held on appellants' "Motion for Sanctions (Default Judgment)" on December 19, 2005.

{¶ 14} Pursuant to his decision, the magistrate determined appellants' motion to be well taken in part. The magistrate indicated that appellees shall reimburse appellants for their reasonable and necessary attorney fees and expenses. Also, the magistrate determined that Umbs is entitled to summary judgment in his favor as a matter of law on the claims made by appellants for usurpation of a business opportunity and breach of fiduciary duty. As to all other claims, the magistrate indicated that appellees' motion for summary judgment should be denied.

{¶ 15} On December 15, 2006, appellees filed a motion for declaratory judgment on the issue of legal fees. Also on that date, appellants filed a motion for declaratory judgment on the issue of appellees' right to indemnification of attorney fees.

{¶ 16} Pursuant to its January 22, 2007 judgment entry, the trial court determined that Sam M. is entitled to have his attorney fees reimbursed from time to time by Trumbull Industries. The trial court further ordered that appellants are entitled to have their attorney fees funded by Trumbull Industries, subject to the risk of reimbursement to Trumbull Industries under the law.

{¶ 17} On February 6, 2007, Sam M. filed a motion for reconsideration and request for clarification of the trial court's January 22, 2007 judgment entry, which was denied by the trial court on May 18, 2007. It was from that judgment that Sam M. filed a notice of appeal with this court, case No. 2007–T–0065, to which appellants filed a cross-appeal. On September 28, 2007, this court dis-

missed the appeal and cross-appeal due to lack of a final, appealable order. *Miller v. Miller*, 11th Dist. No. 2007–T–0065, 2007-Ohio-5212, 2007 WL 2822611.

{¶ 18} On February 12, 2008, appellants filed a motion for reconsideration and request for clarification with respect to the trial court's January 22, 2007 judgment entry regarding the right to indemnification of attorney fees and its May 18, 2007 judgment entry. On April 18, 2008, Sam M. filed an opposition to appellants' motion for reconsideration, as well as a motion for the trial court to clarify its January 22, 2007 judgment entry.

{¶ 19} Pursuant to its June 30, 2008 judgment entry, the trial court ordered Trumbull Industries to pay Sam M.'s attorney fees and costs incurred from March 25, 2008. It indicated that all of Sam M.'s attorney fees incurred before March 25, 2008, shall be paid in accordance with the January 22, 2007 order.

{¶ 20} On July 17, 2008, appellants' counsel sent the trial court a letter, indicating Trumbull Industries' refusal to abide by the court's June 30, 2008 order to pay the invoices from Ulmer and Berne, L.L.P.

{¶ 21} On July 24, 2008, Sam M. filed a motion for the trial court to reconsider or clarify its January 22, 2007 order as it applies to the $240,000 that he was required to reimburse to Trumbull Industries and to Ulmer and Berne through March 24, 2008.

{¶ 22} A hearing was held on July 24, 2008.

{¶ 23} Pursuant to its July 24, 2008 judgment entry, the trial court found Trumbull Industries in contempt of its January 22, 2007 judgment. The trial court allowed Trumbull Industries to purge itself of contempt by paying all amounts due for the legal bills incurred on behalf of Sam M. in the amount of $138,972.51 by 3:00 p.m. on July 24, 2008. In the event that Trumbull Industries failed to purge itself of contempt by the specified date and time, the trial court indicated that it would impose a sanction against Trumbull Industries in the amount of $5 per business day commencing July 25, 2008. It is from that judgment that appellants filed a second appeal, case No. 2008–T–0076.

{¶ 24} On May 4, 2009, this court dismissed the appeal. *Miller v. Miller*, 11th Dist. No. 2008–T–0076, 2009-Ohio-2092, 2009 WL 1176916. The majority opinion specifically indicated that "[t]he contempt entry in the instant matter, however, does not rise to one of finality. Pursuant to the record before us, again, there has been no finding by the trial court that the contemnor has failed to purge itself and an actual imposition of a penalty or sanction." Id. at ¶ 32. Thus, this court determined that the July 24, 2008 judgment was not final and appealable. Id. at ¶ 33.

{¶ 25} On May 11, 2009, Trumbull Industries filed a motion to impose sanctions.

{¶ 26} Pursuant to its May 29, 2009 judgment entry, the trial court sustained the motion to impose sanctions and found that Trumbull Industries had not purged itself of contempt. The trial court imposed sanctions for contempt upon Trumbull Industries in the amount of $5 per business day. The matter was stayed by the trial court pending appellate review of the contempt citation. It is from the May 29, 2009 order of contempt that appellants filed the present appeal, asserting the following assignment of error for our review:

{¶ 27} "The trial court abused its discretion when it ruled that Trumbull Industries must indemnify Sam M. Miller for his attorney fees."

{¶ 28} Appellants present two issues: (1) Sam M. violated his corporate duties and did not act in the best interest of Trumbull Industries, as well as the trial court failed to address R.C. 1701.13, and (2) Trumbull Industries' Articles of Incorporation do not envision reimbursement of a director's attorney fees while a litigation is pending.

{¶ 29} Initially, we note that appellants are appealing from the May 29, 2009 order of contempt. "[I]n a contempt proceeding, a reviewing court must uphold the trial court's decision absent a showing that the court abused its discretion." *Winebrenner v. Winebrenner* (Dec. 6, 1996), 11th Dist. No. 96–L–033, 1996 WL 761996, at *3, citing *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 75, 573 N.E.2d 62. An abuse of discretion is the trial court's " 'failure to exercise sound, reasonable, and legal decision-making.' " *State v. Beechler*, 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, at ¶ 62, quoting Black's Law Dictionary (8th Ed.Rev.2004) 11.

{¶ 30} Although appellants are appealing from the order of contempt, their main focus is on the January 22, 2007 order directing Trumbull Industries to pay Sam M.'s attorney fees during the pendency of the litigation. In ordering such payment, the trial court applied R.C. 1701.13(E)(5)(a). Thus, we must determine whether the trial court's application of the foregoing statute was erroneous as a matter of law.

{¶ 31} "In Ohio, as in every other state, the long-established principle is that directors of a corporation have an obligation to the corporation which is in the nature of that of a fiduciary. A director's obligation to the corporation includes two separate duties: loyalty and care. * * * The formation of these duties is codified in R.C. 1701.59(B)." (Citations and footnotes omitted.) *Stepak v. Schey* (1990), 51 Ohio St.3d 8, 11–12, 553 N.E.2d 1072 (Holmes, J., concurring).

{¶ 32} A standard of care is provided under R.C. 1701.59(B), which says:

{¶ 33} "A director shall perform the director's duties as a director, including the duties as a member of any committee of the directors upon which the director

may serve, in good faith, in a manner the director reasonably believes to be in or not opposed to the best interests of the corporation, and with the care that an ordinarily prudent person in a like position would use under similar circumstances.  * * *

■  {¶ 34} "In evaluating a director's compliance with the duty of care, Ohio courts follow the 'business judgment rule,' and will not usually inquire into the wisdom of actions taken by the director in the absence of fraud, bad faith or abuse of discretion."  *Stepak*, 51 Ohio St.3d at 12–13, 553 N.E.2d 1072 (Holmes, J., concurring).

{¶ 35} According to the 1986 Committee comment, "The addition to division (B) [of R.C. 1701.59] conforms it to division (E) of Sec. 1701.13, which, among other things, provides for director indemnification."

{¶ 36} With respect to appellants' first issue, R.C. 1701.13(E) provides:

{¶ 37} "(1) A corporation may indemnify or agree to indemnify any person who was or is a party, or is threatened to be made a party, to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, other than an action by or in the right of the corporation, by reason of the fact that he is or was a director, officer, employee, or agent of the corporation, or is or was serving at the request of the corporation as a director, trustee, officer, employee, member, manager, or agent of another corporation, domestic or foreign, nonprofit or for profit, a limited liability company, or a partnership, joint venture, trust, or other enterprise, against expenses, including attorney's fees, judgments, fines, and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit, or proceeding, if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, if he had no reasonable cause to believe his conduct was unlawful.  The termination of any action, suit, or proceeding by judgment, order, settlement, or conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, he had reasonable cause to believe that his conduct was unlawful.

{¶ 38} "(2) A corporation may indemnify or agree to indemnify any person who was or is a party, or is threatened to be made a party, to any threatened, pending, or completed action or suit by or in the right of the corporation to procure a judgment in its favor, by reason of the fact that he is or was a director, officer, employee, or agent of the corporation, or is or was serving at the request of the corporation as a director, trustee, officer, employee, member, manager, or

agent of another corporation, domestic or foreign, nonprofit or for profit, a limited liability company, or a partnership, joint venture, trust, or other enterprise, against expenses, including attorney's fees, actually and reasonably incurred by him in connection with the defense or settlement of such action or suit, if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation, except that no indemnification shall be made in respect of any of the following:

{¶ 39} "(a) Any claim, issue, or matter as to which such person is adjudged to be liable for negligence or misconduct in the performance of his duty to the corporation unless, and only to the extent that, the court of common pleas or the court in which such action or suit was brought determines, upon application, that, despite the adjudication of liability, but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses as the court of common pleas or such other court shall deem proper;

{¶ 40} "(b) Any action or suit in which the only liability asserted against a director is pursuant to section 1701.95 of the Revised Code.

{¶ 41} "(3) To the extent that a director, trustee, officer, employee, member, manager, or agent has been successful on the merits or otherwise in defense of any action, suit, or proceeding referred to in division (E)(1) or (2) of this section, or in defense of any claim, issue, or matter therein, he shall be indemnified against expenses, including attorney's fees, actually and reasonably incurred by him in connection with the action, suit, or proceeding.

{¶ 42} " * * *

{¶ 43} "(5)(a) Unless at the time of a director's act or omission that is the subject of an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, the articles or the regulations of a corporation state, by specific reference to this division, that the provisions of this division do not apply to the corporation and unless the only liability asserted against a director in an action, suit, or proceeding referred to in division (E)(1) or (2) of this section is pursuant to section 1701.95 of the Revised Code, expenses, including attorney's fees, incurred by a director in defending the action, suit, or proceeding shall be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the director in which he agrees to do both of the following:

{¶ 44} "(i) Repay such amount if it is proved by clear and convincing evidence in a court of competent jurisdiction that his action or failure to act involved an act or omission undertaken with deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation;

{¶ 45} "(ii) Reasonably cooperate with the corporation concerning the action, suit, or proceeding."

{¶ 46} R.C. 1701.13(E)(1), (2), and (3) permit the corporation to indemnify a director after the litigation against the director, or threatened litigation, has been concluded and the director has been successful on the merits.[1] R.C. 1701.13(E)(1) applies to an action filed against a director or officer by a third party who is outside of the corporation (i.e., an action for negligence or other torts). R.C. 1701.13(E)(2) applies to an action "by or in the right of the corporation" (i.e., a shareholder derivative action). Therefore, the language in R.C. 1701.13(E)(1), (2), and (3) is permissive.

{¶ 47} The language in R.C. 1701.13(E)(5)(a) is mandatory. That section provides that the payment of attorney fees incurred by a director "shall be paid by the corporation as they are incurred."

{¶ 48} Appellees cite numerous cases from Delaware to assist this court in its interpretation of R.C. 1701.13(E). "Although the Ohio and Delaware statutes are similar, both structurally and respecting the verbiage used, the statutes are not identical. * * * [T]he key difference between the two statutes is that the Ohio statute's advancement provision states that, for a suit referenced in division 1701.13(E)(1) or (E)(2) (respecting indemnification), expenses 'shall be paid * * * as they are incurred, in advance of the final disposition of the action' unless the corporation specifically states that it does not wish to confer advancement rights. * * *. The Delaware advancement provision (8 Del.Code 145(e)), by comparison, does not mention the prior indemnification provisions (id. 145(a)-(b)) within the same statute, and states that fees and expenses 'may be paid * * * in advance of the final disposition of such action.' * * *." (Emphasis sic.) *James River Mgt. Co. v. Kehoe* (E.D.Va.2009), 674 F.Supp.2d 745, 753. Notably, " '[n]o Delaware corporation is required to provide for advancement of expenses.' " Id. at 754, quoting *Homestore, Inc. v. Tafeen* (Del.2005), 888 A.2d 204, 211.

{¶ 49} Although R.C. 1701.13(E)(5)(a) is mandatory in its application, it is not applicable under the factual scenario as alleged in appellants' complaint. R.C. 1701.13(E)(5)(a) is limited to payment of legal expenses as incurred by a director who is the subject of a suit. In this case, there are two threshold requirements to invoke this statute for the benefit of the director named in the suit. First, the director must have been sued as a result of an "act or omission." R.C.

---

1. The comparable Delaware provision is contained in subparagraph (e) of 8 Del. C. Section 145. Ohio courts have looked to Delaware cases construing the provisions of 8 Del. C. Section 145 when asked to interpret and apply the comparable provisions of R.C. 1701.13(E). See *MD Acquisition, L.L.C. v. Myers,* 173 Ohio App.3d 247, 2007-Ohio-3521, 878 N.E.2d 37, at ¶ 7.

1701.13(E)(5)(a). Second, the litigation must be "an action, suit, or proceeding referred to in division [R.C. 1701.13](E)(1) or (2)." Id.

{¶ 50} As acknowledged by appellees' counsel at oral argument, "act or omission" does not mean any "act or omission" by the director. The only logical interpretation of this provision is that it be an "act or omission" of a director on behalf of the corporation. In this case, Sam M. has not been sued as a result of any "act or omission" on behalf of the corporation. Instead, as outlined in their complaint, appellants claim that Sam M. is liable for those acts done on behalf of a separate corporation, allegedly in contravention of his fiduciary duties as a director of Trumbull Industries.

{¶ 51} Additionally, division (E)(5) of R.C. 1701.13 refers to the indemnification division in (E)(1) and (2). Therefore, the litigation must be "an action, suit, or proceeding referred to in division (E)(1) or (2)." R.C. 1701.13. Both (E)(1) and (2) are applicable only if the director "acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation."

{¶ 52} Based on the facts as alleged in the instant case, it is evident that (E)(2) is inapplicable, as that section relates to reimbursement for a director who seeks to procure a judgment in favor of the corporation.

{¶ 53} Similarly, (E)(1) is inapplicable to this case, as that section applies to cases "other than an action by or in the right of the corporation." Based on the allegations in the complaint, this case is clearly contemplated by the exclusionary language contained in R.C. 1701.13(E)(1). Any other interpretation has the potential to result in a significant injustice to the corporation and any of the remaining shareholders. The complaint alleges harm to the corporation as a result of a violation of his duties *to* the corporation. This is inapposite to an "act or omission" *on behalf of* the corporation.

{¶ 54} We further note that the trial court's January 22, 2007 judgment entry failed to include any reference to Trumbull Industries' Articles of Incorporation. Trumbull Industries' Articles of Incorporation do not provide for advancement of a director's attorney fees; however, they do provide for indemnification. Article Six states:

{¶ 55} "Any person who at any time shall serve, or shall have served, as director, officer or employee of the corporation, or of any other business or firm at the request of the Board of Directors or management of this corporation * * * shall be saved harmless and indemnified by this corporation of all costs and expenses, including but not limited to counsel fees, amounts paid in settlement, judgments and interest on judgment and court costs, reasonably incurred in *connection* with the defense of any claim, action, suit or proceeding * * * *in*

*which he or they may be involved by virtue of such position with or by direction of this corporation.*" (Emphasis added.)

{¶ 56} Indemnification is not available under Trumbull Industries' Articles of Incorporation, inter alia, "where there is final adjudication that such person has been guilty of gross neglect or willful misconduct in the performance of duty" or where "such person shall be required to disgorge any amounts realized to [Trumbull Industries] or any other business or firm, or any contracts, transactions, offers or acts of this corporation shall be rescinded, nullified or otherwise voided."

{¶ 57} Appellees argue that in the absence of an advancement provision in the articles of incorporation, as contemplated by R.C. 1701.13(E)(5)(a), the advancement of fees is mandatory. This argument has been considered and rejected by the federal court for the Eastern District of Virginia in *Kehoe,* 674 F.Supp.2d 745. The court stated, "Although division (E)(5) could be read as granting corporations the *authority* to opt out of advancement, it would be incongruous to require corporations to 'opt in' to indemnification, the underlying remedy that advancement is meant to enhance, but 'opt out' of the corollary advancement remedy." (Emphasis sic.) Id. at 753. "A corporation may choose to advance expenses even when it provides no underlying right of indemnification * * *. But, all in all, the statute cannot be read to mandate advancement as the default rule for all employees under all circumstances." Id. at 754.

{¶ 58} Further, as we previously noted, the alleged actions at issue were not taken in Sam M.'s capacity as a director of Trumbull Industries.

{¶ 59} Based on the foregoing, the trial court improperly ordered Trumbull Industries to pay the attorney fees of Sam M.

{¶ 60} For the foregoing reasons, appellants' sole assignment of error is well taken. The judgment of the Trumbull County Court of Common Pleas is hereby reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GRENDELL, J., concurs.

O'TOOLE, J., dissents.

DIANE V. GRENDELL, Judge, concurring.

{¶ 61} I concur fully in the judgment and disposition of this case as set forth in the majority opinion. I write separately, however, to emphasize that the inappli-

cability of R.C. 1701.13(E)(5) in the present circumstances rests on that statute's incorporation of the "business judgment rule."

{¶ 62} Under R.C. 1701.13(E)(5), a director shall be reimbursed for expenses, including attorney fees, when he is the subject of a "an action, suit, or proceeding referred to in division (E)(1) or (2) of this section." Divisions (E)(1) and (2) provide for indemnification by the corporation when the director is the subject of an action, suit, or proceeding "if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation." A director's obligations to the corporation are set forth in R.C. 1701.59(B): "A director shall perform the director's duties as a director, including the duties as a member of any committee of the directors upon which the director may serve, in good faith, in a manner the director reasonably believes to be in or not opposed to the best interests of the corporation, and with the care that an ordinarily prudent person in a like position would use under similar circumstances."

{¶ 63} In the present case, the plaintiffs' allegations against the director are solely for actions taken in violation of the duty of good faith and contrary to the best interests of the corporation, specifically breach of his fiduciary duties to the corporation and its shareholders, fraud, and usurpation of a business opportunity. These allegations place the director's conduct outside the protection of the business-judgment rule, as codified at R.C. 1701.59(B), and, therefore, beyond the application of R.C. 1701.13(E)(5). *Gries Sports Ents., Inc. v. Cleveland Browns Football Co., Inc.* (1986), 26 Ohio St.3d 15, 20, 26 OBR 12, 496 N.E.2d 959 (the protections of the business-judgment rule "can only be claimed by disinterested directors whose conduct otherwise meets the tests of business judgment"; "this means that directors can neither appear on both sides of a transaction nor expect to derive any personal financial benefit from it in the sense of self-dealing, as opposed to a benefit which devolves upon the corporation or all stockholders generally").

{¶ 64} There are further conditions on which the application of R.C. 1701.13(E)(5) depend that cannot be satisfied in the present case. In order to have the corporation pay a director's expenses during the pendency of a suit, the director must execute an undertaking in which he agrees, among other things, to "[r]easonably cooperate with the corporation concerning the action, suit, or proceeding." R.C. 1701.13(E)(5)(a)(ii). Given the circumstances of the present case, it is evident that it is impossible for the director to reasonably cooperate with the corporation concerning the action inasmuch as the corporation's and the director's interests are opposed. Cf. *Westbrook v. Swiatek*, 5th Dist. No. 2009 CAE 05 0048, 2010-Ohio-2868, 2010 WL 2521361, at ¶ 24 ("a corporation may be

reluctant to advance funds to an officer who is perceived by the corporation as being unfaithful, or fear the funds will never be paid back").

{¶ 65} The director/appellees claim that at the time the undertaking was executed, Trumbull Industries was a not a party to the action. This argument is unavailing in that Trumbull Industries is currently a party to the action and was a party at the time the trial court held it in contempt for failing to pay the director's fees. This argument is also disingenuous in that it ignores the reality that the corporation is composed of four persons: the plaintiffs, the director, and his brother, thus forestalling action in the name of the corporation. Under the statute, however, the focus is not on whether the action is pursued in the name of the corporation, but, rather, whether the director's conduct falls within the boundaries of the business-judgment rule.

{¶ 66} In the present case, the allegations are based solely on conduct outside these boundaries. Accordingly, R.C. 1701.13(E)(5) does not apply, and the director is not entitled to have his expenses paid during the pendency of this action.

COLLEEN M. O'TOOLE, Judge, dissenting.

{¶ 67} I respectfully dissent.

{¶ 68} With respect to appellants' first issue, R.C. 1701.13(E)(1), (2), and (3) permit the corporation to indemnify a director after the litigation against the director, or threatened litigation, has been concluded and the director has been successful on the merits. Consequently, the language in R.C. 1701.13(E)(1), (2), and (3) is permissive.[2] The language in R.C. 1701.13(E)(5)(a), however, is mandatory. Again, that section provides that the payment of attorney fees incurred by a director "shall be paid by the corporation as they are incurred."[3] Thus, pursuant to the mandatory language contained in R.C. 1701.13(E)(5)(a), I

---

2. R.C. 1701.13(E)(1) applies to an action filed against a director or officer by a third party who is outside the corporation (i.e., an action for negligence or other torts). R.C. 1701.13(E)(2) applies to a shareholder derivative action or an action by the corporation itself against the director or officer (i.e., an action for breach of fiduciary duty). The language in R.C. 1701.13(E)(1), (2), and (3) is nearly identical to those provisions of the Delaware statute dealing with indemnification of officers, directors, employees, and agents, 8 Del. C. Section 145(a), (b), and (c).

3. The comparable Delaware provision is contained in subparagraph (e) of 8 Del. C. Section 145. However, the major distinctions between the Delaware and Ohio provisions are that Delaware's advancement provision is permissive and extends to officers and directors, whereas Ohio's advancement provision is mandatory and is limited to directors. Nevertheless, Ohio courts have looked to Delaware cases construing the provisions of 8 Del. C. Section 145 when asked to interpret and apply the comparable provisions of R.C. 1701.13(E). See *MD Acquisition, L.L.C. v. Myers*, 173 Ohio App.3d 247, 2007-Ohio-3521, 878 N.E.2d 37, at ¶ 7.

believe the trial court properly followed the law by ordering Trumbull Industries to pay the attorney fees of Sam M.

{¶ 69} Appellants assert that in light of the claims of fraud and breach of fiduciary duty made against Sam M., he cannot satisfy the requirements of the business-judgment rule.

{¶ 70} R.C. 1701.59(D), the "business judgment rule," provides: "A director shall be liable in damages for any action that the director takes or fails to take as a director only if it is proved by clear and convincing evidence in a court of competent jurisdiction that the director's action or failure to act involved an act or omission undertaken with deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation."

{¶ 71} Both R.C. 1701.59(D) and R.C. 1701.13(E)(5)(a), the subparagraph at issue in the instant case, deal with the financial obligations that can be imposed on a director who loses a breach-of-fiduciary-duty lawsuit. Again, pursuant to R.C. 1701.13(E)(5)(a), when a suit is filed against a director engaged in fraud or breach of a fiduciary duty (i.e., referred to in division (E)(1) and (2)), the corporation is required to make advance payments of the director's attorney fees. A director cannot claim the protection of the business-judgment rule and obtain from the corporation indemnification of his attorney fees under R.C. 1701.13(E)(2) if a *judgment* of breach of fiduciary duty is entered against him. However, a *claim* of a breach of fiduciary duty against a director does not have the same consequences under either R.C. 1701.59(D) or R.C. 1701.13(E)(5)(a). Thus, the *claims* of a breach of fiduciary duty and other misconduct made against Sam M. were sufficient to trigger Trumbull Industries' duty to advance his attorney fees.

{¶ 72} In addition, I believe appellants' reliance on *Endres Floral Co. v. Endres* (Feb. 9, 1995), 5th Dist. No. 93AP100071, 1995 WL 156411, is misplaced because the appellant in that case sought indemnification under R.C. 1701.13(E)(2), and it did not involve the advancement provision of R.C. 1701.13(E)(5)(a), which is at issue in the case sub judice.

{¶ 73} I believe appellants' first issue is without merit.

{¶ 74} With regard to their second issue, I note that the trial court's January 22, 2007 order was properly authorized by the mandatory provisions of R.C. 1701.13(E)(5)(a) and does not mention Trumbull Industries' Articles of Incorporation. Because the Articles of Incorporation do not expressly *preclude* advancement of legal fees, Trumbull Industries must comply with the mandatory provisions of R.C. 1701.13(E)(5)(a).

{¶ 75} I believe appellants' second issue is without merit.

472

{¶ 76} For the foregoing reasons, as I would affirm the judgment of the trial court, I respectfully dissent.