PATRICIA ANN BLACKMON, J.:
*691 {¶ 1} Defendant-appellant, Scott Forster ("Forster"), appeals from the order of the trial court that denied his motion for advancement of attorney fees and litigation expenses in defense of litigation commenced by plaintiffs-appellees, Magnus International Group, Inc. ("Magnus"), various affiliated companies,[1] and Eric Lofquist ("Lofquist") (collectively referred to as "plaintiffs"). Forster assigns the following error for our review:
The trial court erred in denying appellant Scott Forster's motion for an order entitling him to advancement of his litigation expenses pursuant to R.C.1701.13(E)(5)(a).
{¶ 2} Having reviewed the record and pertinent law, we reverse and remand for further proceedings consistent with this opinion. The apposite facts follow.
{¶ 3} Magnus is a closely held corporation formed in 2007 by Lofquist and Forster as equal owners. Together with the affiliated companies, Magnus develops and manufactures animal food ingredients.
{¶ 4} On March 12, 2017, Lofquist, the president of Magnus, and the affiliated companies, filed an eight-claim complaint against Forster. In relevant part, plaintiffs alleged that at all relevant times, Lofquist and Forster were "co-owners, officers, directors and employees" of Magnus and the affiliated companies, and that Forster converted corporate checks and misappropriated substantial corporate funds for his sole benefit. Plaintiffs set forth claims for breach of fiduciary duty, misrepresentation, conversion, civil damages for theft, and unjust enrichment. They also sought injunctive relief barring Forster from the companies, imposing a constructive trust, and ordering an accounting, and prayed for damages, punitive damages and/or treble damages, and attorney fees.
{¶ 5} Forster denied wrongdoing and asserted that Lofquist assented to his receipt of the disputed funds in order to "true up," or make up a payment disparity caused by Lofquist's prior withdrawals of corporate funds. Forster also maintained that Lofquist filed the instant litigation in order to force Forster to sell his 50% interest in the companies at a discount.
*692 Forster set forth various individual and derivative counterclaims against Lofquist alleging breach of fiduciary duty, wrongful termination, breach of contract, defamation, and abuse of process, and he prayed for judicial dissolution of Magnus.[2]
{¶ 6} On June 2, 2017, Forster filed a motion for advancement of attorney fees and litigation expenses in defense of Magnus' complaint. He argued that advancement was mandatory under R.C. 1701.13(E)(5)(a) because Magnus did not disclaim advancement rights in its articles or regulations. Forster also asserted that he complied with all statutory preconditions for advancement, including a demand, and an agreement to "reasonably cooperate" with Magnus and to "repay the amounts advanced if it is proved by clear and convincing evidence" that his actions or omissions were "undertaken with deliberate intent or reckless disregard for the best interests of Magnus." In opposition, Magnus asserted that there was no right to advancement because it filed its complaint "by and in the right of the corporation" against Forster for his own alleged misconduct, and did not sue him simply "by reason of the fact" that he was a director. Additionally, Magnus cited to discovery issues and asserted that Forster was not reasonably cooperating with Magnus, as required in order to obtain advancement under R.C. 1701.13(E)(5)(a).
{¶ 7} Following a hearing on the matter, the trial court denied Forster's motion for advancement. The court determined that advancement was not warranted because the matter "is an action by or in the right of the corporation, and it is not 'by reason of the fact' that Forster was associated with the corporation." The court held that the plain language of the statute indicates that advancement is not appropriate in actions where the corporation is suing the director. The court distinguished this matter from Miller v. Miller , 132 Ohio St.3d 424, 2012-Ohio-2928, 973 N.E.2d 228, and noted that "Forster's counsel admitted in open court that Forster cashed corporate checks for his personal use that were made out to both Lofquist and Forster."
R.C. 1701.13(E)(5)
{¶ 8} Within his sole assignment of error, Forster argues that he is entitled to advancement of expenses and fees incurred in defending the claims of Magnus' complaint by operation of R.C. 1701.13(E)(5)(a), which provides for mandatory advancement of such sums unless disclaimed in the articles of incorporation. In opposition, Magnus argues that advancement is not available because Forster was not sued as the result of a "director's act or omission," but rather, was sued as an employee, who happens to also be a director, "over his theft of corporate funds."
{¶ 9} Preliminarily, we note that a motion hearing panel of this court sua sponte dismissed this appeal for lack of a final, appealable order. On reconsideration, Forster's appeal was reinstated and the question of whether the trial court's ruling is a final, appealable order was referred to this merit panel. This panel concludes that the trial court's denial of advancement is a final, appealable order under R.C. 2505.02(B)(4) because this ruling: (1) denied a provisional remedy; and (2) both determined the action with respect to the provisional remedy and prevented a judgment for Forster on the provisional remedy. Accord Miller at ¶ 38 ("postponement of the determination whether [right to advancement of fees] exists would render the right meaningless."). Moreover, this matter is distinguishable from *693 MD Acquisition, L.L.C. v. Myers , 173 Ohio App.3d 247, 2007-Ohio-3521, 878 N.E.2d 37 (10th Dist.), which involved the granting of a motion for advancement. Therefore, we grant motion No. 508770, in which Forster sought reconsideration of the dismissal, and we reinstate the appeal.
{¶ 10} Next, with regard to our standard of review, the sole question presented herein is whether Forster is entitled to advancement under R.C. 1701.13(E)(5). As such, the issue involves statutory construction and raises a question of law that we review de novo. See Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals , 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 25 ; Lang v. Dir., Ohio Dept. of Job & Family Servs. , 134 Ohio St.3d 296, 2012-Ohio-5366, 982 N.E.2d 636, ¶ 12 ; accord Dorsey v. Fed. Ins. Co. , 154 Ohio App.3d 568, 2003-Ohio-5144, 798 N.E.2d 47, ¶ 12-13 (7th Dist.).
{¶ 11} In this case, the trial court denied Forster's motion for advancement, stating, in relevant part as follows:
Advancement only applies to director's act or omission that is the subject of an action, suit, or proceeding referred to in R.C. 1701.13(E)(1) or (2), "other than an action by or in the right of the corporation, by reason of the fact that the person is or was director, officer, employee, or agent." R.C. 1701.13(E)(1). The plain language of the statute indicates that advancement is not appropriate in actions where corporation is suing director. * * *
Regardless of whether Forster was acting in his role as director, officer, employee, or agent at the time that these actions occurred, this is an action by and in the right of the corporation and it is not "by reason of the fact" that Forster was associated with the corporation that this lawsuit has been brought. The facts in this case are distinguishable from those in Miller , where the director in question was arguably acting in the interest or on behalf of the corporation. This lawsuit has been brought due to Forster's alleged theft and conversion of corporate funds and property for his personal use for his rare car collection, home maintenance, and landscaping, among other things.
{¶ 12} As mentioned, R.C. 1701.13(E)(5) provides for advancement, or immediate recoupment of funds prior to the outcome on the merits, of expenses including attorney fees for a director's acts or omissions, unless such recovery is disclaimed in the corporations articles or regulations. Advancement serves as an " 'inducement for attracting capable individuals into corporate service.' " Miller at ¶ 23, quoting Homestore, Inc. v. Tafeen , 888 A.2d 204, 211 (Del.2005). Permissive advancement is governed by R.C. 1701.13(E)(5)(b). Mandatory advancement is governed by R.C. 1701.13(E)(5)(a), which states:
(a) Unless at the time of a director's act or omission that is the subject of an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, the articles or the regulations of a corporation state, by specific reference to this division, that the provisions of this division do not apply to the corporation and unless the only liability asserted against a director in an action, suit, or proceeding referred to in division (E)(1) or (2) of this section is pursuant to section 1701.95 of the Revised Code, expenses, including attorney's fees, incurred by a director in defending the action, suit, or proceeding shall be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the director in which the director agrees to do both of the following:
*694 (i) Repay that amount if it is proved by clear and convincing evidence in a court of competent jurisdiction that the director's action or failure to act involved an act or omission undertaken with deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation;
(ii) Reasonably cooperate with the corporation concerning the action, suit, or proceeding. (Emphasis added.)
{¶ 13} In Miller , the plaintiffs' complaint alleged that the defendant director usurped a corporate business opportunity and breached his fiduciary duties by negotiating a separate contract for plumbing products sales with one of plaintiffs' suppliers. The parties' agreement did not contain any provision disclaiming or mentioning advancements.
{¶ 14} The trial court held that the defendant was entitled to advancement of attorney fees under R.C. 1701.13(E)(5)(a). A divided panel of the Eleventh District reversed, reasoning that the defendant was sued not as a result of an "act or omission" on behalf of the corporation as required under R.C. 1701.13(E)(5)(a), but for his separate actions in alleged breach of his fiduciary duties. Miller v. Miller , 190 Ohio App.3d 458, 2010-Ohio-5662, 942 N.E.2d 438, ¶ 49-53 (11th Dist.). The Eleventh District also held that because R.C. 1701.13(E)(5)(a) refers to the indemnification provisions in R.C. 1701.13(E)(1) and (2), exclusionary language contained in these provisions must be considered in determining an advancement claim. Id.
{¶ 15} R.C. 1701.13(E)(1) pertains to indemnification for the defense of litigation and states,
(1) A corporation may indemnify or agree to indemnify any person who was or is a party, or is threatened to be made a party, to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, other than an action by or in the right of the corporation, by reason of the fact that the person is or was a director, officer, employee, or agent of the corporation, * * * against expenses, including attorney's fees, judgments, fines, and amounts paid in settlement actually and reasonably incurred by the person in connection with such action, suit, or proceeding, if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation * * *[.] (Emphasis added.)
R.C. 1701.13(E)(2) pertains to indemnification for procuring a judgment in favor of the corporation and contains similar exclusionary language.
{¶ 16} In Miller , the court of appeals applied this exclusionary language and held that the defendant's actions were not taken "on behalf of the corporation" and were not "in good faith and in a manner * * * reasonably believed to be in or not opposed to the best interests of the corporation," so advancement was not mandated. Id. , 190 Ohio App.3d 458, 2010-Ohio-5662, 942 N.E.2d 438, ¶ 49-53.
{¶ 17} The Ohio Supreme Court reversed. Miller , 132 Ohio St.3d 424, 2012-Ohio-2928, 973 N.E.2d 228. The court rejected the argument that a director's entitlement to advancements under R.C. 1701.13(E)(5) is dependent upon overcoming the exclusionary provisions set forth in R.C. 1701.13(E)(1) and (2), i.e., that he or she was sued "by reason of his or her corporate capacity" and "acted in good faith on behalf of the corporation." Id. at ¶ 35. Rather, the Ohio Supreme Court held that the advancement of fees is neither determined by nor dependent upon whether a director is entitled to indemnification *695 under R.C. 1701.13(E)(1) and (2), explaining:
[T]he scope of an advancement proceeding "is limited to determining the issue of entitlement according to the corporation's advancement provisions." "Neither indemnification nor recoupment of sums previously advanced are appropriate for litigation" in such a proceeding. They necessarily are reserved for subsequent determination. (Internal quotes omitted.)
Id. at ¶ 35, quoting United States v. Stein , 452 F.Supp.2d 230, 271-272 (S.D.N.Y.2006).
{¶ 18} The Miller court additionally determined that advancement may not be "refused when the underlying litigation sets forth allegations of director's misconduct that if proven, would bar indemnification" because this would "make the advancement statute pointless." Id. at ¶ 38. The court held:
1. A corporation cannot avoid its duty to advance expenses to a director under R.C. 1701.13(E)(5)(a) by claiming that the director's alleged misconduct, if proven, would amount to a violation of his or her fiduciary duties and would therefore foreclose indemnification.
2. When a corporation has received from a director the undertaking described in R.C. 1701.13(E)(5)(a), the corporation is required to advance expenses to the director unless the corporation's articles or regulations specifically state that R.C. 1701.13(E) does not apply to the corporation.
Miller , 132 Ohio St.3d 424, 2012-Ohio-2928, 973 N.E.2d 228, paragraphs one and two of the syllabus.
{¶ 19} Similarly, in Westbrook v. Swiatek , 5th Dist. Delaware No. 2009 CAE 05 0048, 2010-Ohio-2868, 2010 WL 2521361, the court held that allegations against an officer for breach of his fiduciary duties to the parties' joint venture corporation (by obtaining favorable terms for a solo business venture) did not disqualify him from obtaining advancements. The court held that advancement and indemnification are two distinct rights, with each involving its own distinct analysis. The court stated:
By necessity, an officer's right to advancement must be determined before his or her ultimate right to indemnification. This reality is reflected in the corporate regulations at issue, which mandate advancement upon the officer's written promise to repay the money if certain findings are made in the underlying litigation. The record reflects that Westbrook voluntarily signed an undertaking that acknowledged his responsibility for repayment of advances if it was ultimately determined that he was not entitled to indemnification.
Id. at ¶ 40. Accord Caitlin Graham, Advancement of Legal Fees May Be More Than Corporations Bargained For: Miller v. Miller, 132 Ohio St.3d 424, 2012-Ohio-2928, 973 N.E.2d 228, 82 U.Cin.L.Rev. 306, 320 (2014) (noting that advancement and indemnification are two distinct rights and advancement is not dependent on right to indemnification).
{¶ 20} In accordance with the foregoing, and applying the rule as set forth by the Ohio Supreme Court in Miller , we conclude that the trial court erred in denying Forster's motion for advancement of attorney fees and expenses. We note that in this matter, the parties agree that articles of incorporation do not disclaim a director's right to advancement. Therefore, the advancement provisions set forth in R.C. 1701.13(E)(5) are applicable. Further, under Miller , the trial court erred insofar as it incorporated the requirements of R.C. 1701.13(E)(1) and (2), during its analysis of Forster's claim for advancement under R.C. 1701.13(E)(5), and finding that advancement *696 was precluded under R.C. 1701.13(E)(1), because the underlying litigation was "an action by or in the right of the corporation," filed against Forster as the result of alleged wrongdoing, and not simply because of Forster's corporate title. Rather, under Miller , and R.C. 1701.13(E)(5)(a), unless advancement is disclaimed in the corporation's articles, the corporation is required to advance expenses to the director, once the corporation has received from a director the agreement set forth in R.C. 1701.13(E)(5)(a)(i) and (ii). Therefore, the allegations of misconduct, including breach of fiduciary duty, do not negate the operation of this statute. Additionally, Forster has tendered an agreement to repay and to cooperate with discovery as required under R.C. 1701.13(E)(5)(a)(i) and (ii). Accordingly, we conclude that Forster is eligible for advancement under R.C. 1701.13(E) in order to defend the claims raised in Magnus' complaint. However, we express no opinion as to the additional issue raised by Magnus regarding whether Forster is actually meeting his duty of reasonable cooperation with Magnus, as required under R.C. 1701.13(E)(5)(a).
{¶ 21} We recognize that in this matter, Forster has admitted that "he endorsed [Magnus] checks," and that due to Lofquist's allegedly getting "substantially ahead of Forster * * * [through] significant lump sum [withdrawals]," he was permitted to "true up these disparities." However, in Miller , similar issues of self-dealing were also presented, yet advancement was permitted, because the court noted that "the advancement of fees is neither determined by nor dependent upon whether a director is entitled to indemnification." Miller , 132 Ohio St.3d 424, 973 N.E.2d 228, at ¶ 36. Similarly, in Swiatek , the court recognized that:
Under some circumstances, such as here, a corporation may be reluctant to advance funds to an officer who is perceived by the corporation as being unfaithful, or fear the funds will never be paid back.
Id. , 2010-Ohio-2868 at ¶ 24.
{¶ 22} In response to these concerns, the Miller court stressed that the legislature had made its intent clear, and also sets forth the process for a corporation to avoid mandatory advancement. Id. at ¶ 48. The dissent, however, urged "the General Assembly to reexamine this statute and further clarify that when the corporation is suing the director and there can be no such cooperation, no fees need be advanced in such circumstances." Id. at ¶ 66 (O'Donnell, J., dissenting). To date, the legislature has not responded to this request.
{¶ 23} Additionally, we note that " 'advancement' is rather a Delaware Specialty." Internatl. Airport Ctrs., L.L.C. v. Citrin , 455 F.3d 749, 752 (7th Cir.2006). As noted in Miller :
The fundamental principle is that a company that undertakes to advance defense costs may not avoid that obligation by claiming that the litigation against its former employee for which the employee seeks advancement of defense costs accuses the employee of conduct that, if proved, would foreclose indemnification or establish a breach of the employment contract or of a fiduciary or other duty owed to the company.
Miller , 132 Ohio St.3d 424, 973 N.E.2d 228, ¶ 36, quoting Stein , 452 F.Supp.2d 230, 272. See also Reddy v. Electronics Data Sys. Corp. , Del.Chancery No. CIV.A. 19467, 2002 WL 1358761 (June 18, 2002), fn. 26. However, we recognize that Delaware is a permissive advancement state. Graham, 82 U.Cin.L.Rev. at 311.
*697 {¶ 24} Finally, insofar as Magnus argues that Forster was not sued in his capacity as a director so operation of R.C. 1701.13(E)(5)(a) was not triggered herein, we note that the complaint does reference Forster's status as a "director" during "all relevant times." Moreover, a similar claim was rejected in Miller . Id. at ¶ 41.
{¶ 25} Judgment reversed, and matter is remanded for further proceedings consistent with this opinion.
MELODY J. STEWART, P.J., and
LARRY A. JONES, SR., J., CONCUR

The affiliated companies are Hardy Animal Nutrition, L.L.C., Hardy Realty, L.L.C., Hardy Industrial Technologies, L.L.C., Hardy Technical Services, L.L.C., and 300 MPH Acres, L.L.C.

Forster's request for dissolution was later withdrawn.