MEMORANDUM OPINION
{¶ 1} On June 13, 2007, appellant/cross-appellee, Samuel M. Miller, filed a notice of appeal from a May 18, 2007 judgment entry of the Trumbull County Court of Common Pleas.
 {¶ 2} In the May 18, 2007 entry, the trial court denied appellant's motion to reconsider the court's January 22, 2007 entry. In that entry, the trial court also ordered appellant to cease and desist from the practice of taking Trumbull Industry funds to pay his legal fees. Lastly, in the May 18, 2007 entry, the trial court denied the motion to show cause as moot of appellees/cross-appellants, Murray A. Miller, Sam H. Miller, and Trumbull Industries, Inc.[1]
 {¶ 3} On July 13, 2007, appellees filed a motion to dismiss the appeal for lack of a final appealable order. In their motion, appellees argue that under R.C. 2505.02(B)(1), there is no final appealable order because the May 18, 2007 entry merely denies appellant's motion for reconsideration of the January 22, 2007 entry. Appellant filed a brief in opposition to the motion to dismiss on July 23, 2007. In his brief, appellant alleges that both the May 18 and January 22 entries are final orders because they were made in a special proceeding and affect a substantial right. Appellant further contends that the May 18 entry included the requisite Civ.R. 54(B) language that there is no just reason for delay. Thereafter, on August 1, 2007, appellees filed a motion for leave to file their reply memorandum in support of the motion to dismiss along with their reply memorandum. In their reply memorandum, appellees assert that the January 22 decision was interlocutory in nature and that the mere inclusion of Civ.R. 54(B) in the May 18 entry could not transform the January 22 entry into a final appealable order.
 {¶ 4} A final order is statutorily defined by R.C. 2505.02(B), which provides as follows: *Page 3 
 {¶ 5} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 8} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 9} "(4) An order that grants or denies a provisional remedy * * *;
 {¶ 10} "(5) An order that determines that an action may or may not be maintained as a class action * * *."
 {¶ 11} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus.
 {¶ 12} Civ.R. 54(B) provides, as follows:
 {¶ 13} "When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at *Page 4 
any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 14} However, an order that is not final cannot be rendered final, merely by the addition of Civ.R. 54(B) language. Fireman's Fund Ins. Co.v. BPS Co. (1982), 4 Ohio App.3d 3, 4.
 {¶ 15} Here, appellant is attempting to appeal a May 18, 2007 judgment denying his motion to reconsider the January 22, 2007 entry. However, the January 22, 2007 entry is not a final order since it only addresses one claim in a multi-claim complaint, and it is interlocutory since the trial court indicates that it plans on "revisiting" the issue when the "business opportunity" verdict is rendered.
 {¶ 16} Furthermore, the inclusion of Civ.R. 54(B) language in the May 18 order does not transform that entry or the January 22 judgment into a final and appealable order.
 {¶ 17} Accordingly, for the foregoing reasons, appellees' motion to dismiss this appeal is hereby granted for lack of a final appealable order. Also, appellees' cross-appeal is dismissed for the same reasons stated in this opinion.
 {¶ 18} Appeal and cross-appeal are dismissed.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] For purposes of this opinion, appellant/cross-appellee will be referred to as appellant, and appellees/cross-appellants will be referred to as appellees. *Page 1