MILLER ET AL., APPELLEES, *v.* MILLER, APPELLANT.

Cite as *Miller v. Miller,* 132 Ohio St.3d 424, 2012-Ohio-2928.]

*Corporations—Directors—R.C. 1701.13(E)—Corporation's duty to advance expenses to director for costs incurred in litigation to which director is party by reason of position with corporation—Corporation cannot escape duty to advance expenses by claiming director's alleged misconduct violated fiduciary duties—Corporation's duty to advance expenses arises when director executes undertaking described in R.C. 1701.13(E)(5)(a)— Duty to advance may be avoided by specific statement in corporation's articles or regulations that R.C. 1701.13(E) does not apply.*

(No. 2011-0024—Submitted November 2, 2011—Decided July 3, 2012.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2009-T-0061, 190 Ohio App.3d 458, 2010-Ohio-5662.

_____

SYLLABUS OF THE COURT

1. A corporation cannot avoid its duty to advance expenses to a director under R.C. 1701.13(E)(5)(a) by claiming that the director's alleged misconduct, if proven, would amount to a violation of his or her fiduciary duties and would therefore foreclose indemnification.

2. When a corporation has received from a director the undertaking described in R.C. 1701.13(E)(5)(a), the corporation is required to advance expenses to the director unless the corporation's articles or regulations specifically state that R.C. 1701.13(E) does not apply to the corporation.

_____

**O'CONNOR, C.J.**

{¶ 1}   In this appeal, we decide whether appellant Samuel M. Miller is entitled to the advancement of expenses from Trumbull Industries, Inc. pursuant to R.C. 1701.13(E)(5)(a), which governs the advancement of litigation expenses by a corporation to one of its directors.  For the reasons set forth below, we hold that appellant Miller is entitled to the advancement of expenses.  Accordingly, we reverse the judgment of the court of appeals and remand the cause.

### RELEVANT BACKGROUND

### *Facts*

{¶ 2}   Plaintiff-appellee Trumbull Industries, Inc. ("Trumbull") is an Ohio corporation that sells plumbing supplies.  Plaintiff-appellees Murray A. Miller and Samuel H. Miller ("Sam H.") are shareholders of Trumbull.  Defendant-appellant Samuel M. Miller ("Sam M.") is also a shareholder of Trumbull.  Sam M. is the sole trustee of the Samuel M. Miller Revocable Living Trust, which owns 25 percent of the outstanding voting shares of Trumbull.  Sam M. is also vice president of sales and marketing and serves as Trumbull's plumbing-products manager.

{¶ 3}   Daniel R. Umbs is the former chief executive officer and president of Briggs Plumbing Products, Inc., a supplier to Trumbull.  In early 2002, Briggs entered into a contract to supply plumbing products to Jacuzzi, Inc.  Later in 2002, Umbs, acting either alone or in concert with Sam M., negotiated a contract to sell plumbing products to Jacuzzi on terms more favorable than those in the contract between Briggs and Jacuzzi.

{¶ 4}   Sometime during 2002, and without informing appellees, Sam M. became involved with Umbs in his efforts to sell plumbing products to Jacuzzi.  On December 4, 2002, Sam M. sent a memorandum to appellees and shareholders of Trumbull, informing them of a business opportunity involving a company that would market private-brand plumbing products for sale to manufacturers and

2

possibly other wholesalers, including Jacuzzi. Sam M. called this business opportunity the "Brand Company Project."

{¶ 5} Appellees immediately objected to Sam M.'s involvement and demanded that he cease and desist. According to appellees, Sam M. did not comply with the demand to cease and desist and has continued to work with Umbs in the Brand Company Project.

### Procedural history

{¶ 6} In February 2003, Murray and Sam H., individually and as shareholders, directors, and/or officers of Trumbull, filed a complaint for injunctive relief and damages against Sam M. and Umbs.

{¶ 7} On September 26, 2005, Sam M. sent a memorandum to Murray and Sam H., informing them that he had reimbursed himself for his legal expenses. In support of his right to reimbursement, he attached a copy of his September 13, 2005 "undertaking" executed pursuant to R.C. 1701.13(E)(5)(a). The undertaking stated that it had been entered into by Sam M. "pursuant to Ohio Revised Code Section 1701.13(E)(5)(a)." The undertaking also incorporated statutory language requiring repayment of any amounts paid to a director if the director's act or omission was committed with a deliberate intent to injure or with reckless disregard for the corporation's best interests and further requiring reasonable cooperation with the corporation in the suit or proceeding. *See* R.C. 1701.13(E)(5)(a)(i) and (ii). The undertaking also expressly provided that Sam M. agreed to abide by those subsections.

{¶ 8} On December 15, 2006, both sides moved for declaratory judgment on the issue of Sam M.'s right to indemnification of attorney fees. Appellees argued that "Trumbull Industries should not be required to pay, much less advance," legal fees to Sam M. They also argued that Sam M. "acting without the knowledge or authority of Trumbull Industries, Inc. removed from the company vault some eleven company checks" and used them to pay attorney fees

to the law firm Manchester, Bennett, Powers & Ullman in the amounts of $171,497.30 and $49,900 and to the law firm Guarnieri & Secrest in the amount of $98,693.75. They asserted that even if Sam M. were entitled to indemnification, which appellees deny, much of the funds were incorrectly used to pay attorney fees and expenses for Umbs, Private Brand Organization, L.L.C., and United States Private Brand Company, Inc., who are not directors of Trumbull. Thus, appellees argued, the trial court should order Sam M. to return the funds that were wrongfully taken from Trumbull or, in the alternative, order the return of any fees not associated with the defense of Sam M.

{¶ 9} On January 22, 2007, the trial court issued an opinion regarding the parties' cross-motions for declaratory judgment on the issue of indemnification for attorney fees. The trial court ordered Sam M. to reimburse Trumbull in the amount of $240,068.29. That amount represented "seventy-five per cent of the aggregate sum of $320,091.05," which, appellees allege, is the total amount that Sam M. wrongfully took from Trumbull and paid to the two law firms. The trial court "determined tentatively that of the total moneys advanced for the payment of the defendants' fees to date, 25% is attributable to the defense of [Sam M.], since there are four defendants in this case." The trial court also ordered that Sam M. "is entitled to have *his, and only his*, attorneys' fees reimbursed from time to time by [Trumbull], subject, however, to his reimbursement obligations under the corporate charter." (Emphasis sic.)

{¶ 10} On February 6, 2007, Sam M. filed a motion for reconsideration and request for clarification of the trial court's January 22, 2007 judgment entry. Sam M. argued that the trial court's order requiring him to repay 75 percent of the defense fees incorrectly assumed that 25 percent of the total defense costs can be attributed to each of the four defendants. The legal invoices, he contended, prove that 99.9 percent of the legal fees are solely attributable to him. He also argued that by executing the September 13, 2005 undertaking, he has "already agreed, in

writing, to repay any fees to which he is not entitled at the end of this litigation." The trial court denied this motion on May 18, 2007.

{¶ 11} From that judgment, Sam M. filed an appeal with the Eleventh District Court of Appeals, which was dismissed for lack of a final, appealable order. *Miller v. Miller*, 11th Dist. No. 2007-T-0065, 2007-Ohio-5212.

{¶ 12} After both sides requested clarification regarding the trial court's January 22, 2007 judgment entry, on June 30, 2008, the trial court ordered that "as of March 25, 2008, Ulmer & Berne LLP only represents the interests of Sam M.," and "all of Ulmer & Berne's fees and costs incurred beginning on March 25, 2008, shall be promptly paid by Trumbull * * *." The trial court also ordered that all of Sam M.'s attorney fees "incurred before March 25, 2008 shall be paid in accordance with the January 22, 2007 Order."

{¶ 13} On July 24, 2008, Sam M. moved for an order requiring Trumbull to pay his counsel or, in the alternative, for an order requiring appellees to show cause why they should not be held in contempt for refusing to abide by the court's June 30, 2008 order.

{¶ 14} On the same day, Sam M. again moved the court to reconsider or to clarify its January 22, 2007 order as it applies to $240,000 that he was required to reimburse to Trumbull and his legal expenses owed to the law firm Ulmer & Berne through March 24, 2008. Sam M. argued that "99% of all fees relate to [himself] because this suit is solely the result of [Sam M.'s] role as an officer and director of Trumbull." Furthermore, Sam M.'s counsel stated in the motion that "85% [of] the attorneys' fees incurred from February 1, 2008 (when Ulmer & Berne's representation of [Sam M.] began) through March 24, 2008 were devoted to issues related solely to [Sam M.]"

{¶ 15} The trial court held a hearing and on July 24, 2008, found Trumbull in contempt of its January 22, 2007 judgment. The trial court allowed Trumbull to purge itself of contempt by paying all amounts due for the legal bills

incurred on behalf of Sam M. in the amount of $138,972.51 by 3:00 p.m. that day. In the event that Trumbull failed to purge itself of contempt by the specified date and time, the trial court would impose a sanction against Trumbull in the amount of $5 per business day commencing July 25, 2008.

{¶ 16} Appellees appealed the trial court's July 24, 2008 judgment entry to the Eleventh District. The Eleventh District again dismissed the appeal for lack of a final, appealable order because there was no finding by the trial court that the contemnor had failed to purge itself and no actual imposition of a penalty or sanction. *Miller v. Miller*, 11th Dist. No. 2008-T-0076, 2009-Ohio-2092, at ¶ 32.

{¶ 17} On May 11, 2009, to obtain a final order from which it could appeal, Trumbull moved to impose sanctions upon itself. On May 29, 2009, the trial court sustained Trumbull's motion to impose sanctions and issued an order finding that Trumbull had not purged itself of contempt and imposing sanctions for contempt upon Trumbull in the amount of $5 per business day. Appellees appealed this order to the Eleventh District.

{¶ 18} In a divided decision, the Eleventh District held that the trial court improperly ordered Trumbull to pay the attorney fees of Sam M. *Miller v. Miller*, 190 Ohio App.3d 458, 2010-Ohio-5662, 942 N.E.2d 438, ¶ 59.

{¶ 19} We accepted the cause as a discretionary appeal. *Miller v. Miller*, 128 Ohio St.3d 1444, 2011-Ohio-1618, 944 N.E.2d 694. The four propositions of law before us are:

> [1] R.C. 1701.13(E)(2) and (E)(5) provide, respectively, for (a) the post-litigation reimbursement and (b) the current advancement of attorneys fees incurred by a corporate director who has been sued by the corporation or by any of the corporation's shareholders and directors. Contrary to the holding of the Court of Appeals, those statutory provisions are not limited

6

to—and, indeed, have no application to—a lawsuit filed by a director to secure a benefit for the corporation.

[2] The mandatory duty of advancement imposed on Ohio corporations by division (E)(5) of R.C. 1701.13 is not limited to cases in which a director is alleged to have committed acts or omissions on behalf of the corporation.

[3] In order for a corporation to avoid the mandatory duty imposed by [R.C.] 1701.13(E)(5), the corporation must include in its articles of incorporation or code of regulations a specific statement that the provisions of [R.C.] 1701.13(E)(5) do not apply to that corporation.

[4] A corporation's mandatory duty under [R.C.] 1701.13(E)(5) to advance the legal fees of a director who has been sued for breach of fiduciary duty is not limited to directors who are alleged to have engaged in conduct protected by the business judgment rule.

{¶ 20} For the reasons that follow, we reverse the appellate court's judgment finding that the trial court improperly ordered Trumbull to pay the attorney fees of Sam M. We reinstate the trial court's judgment finding Trumbull in contempt for refusing to pay Sam M.'s expenses pursuant to R.C. 1701.13(E)(5)(a) and remand the cause to the trial court for further proceedings consistent with this opinion.

## ANALYSIS

### *Sam M. is seeking advancement and not indemnification*

{¶ 21} We find it necessary at the outset to clarify that advancement of legal funds is the remedy sought by Sam M. in this case. Clarification is necessary because throughout this litigation, the parties and the trial court have

used the terms "advancement" and "indemnification" interchangeably. However, as explained more fully in this opinion, these terms, although related, are not the same and should not be used as synonyms. After reviewing the record and the procedural posture of the case, it is clear that Sam M. is seeking advancement of his legal funds, not indemnification as set forth by the trial court and the parties.

### *Advancement is a remedy separate and distinct from indemnification*

{¶ 22} The General Assembly amended R.C. 1701.13 in 1986 to provide for the advancement of expenses by a corporation to a director. 141 Ohio Laws, Part III, 6115. Until now, this court has not had an occasion to review the statute. In contrast, courts in Delaware have often reviewed cases involving the advancement of fees. In fact, Judge Posner from the United States Seventh Circuit Court of Appeals has stated that " 'advancement' is rather a Delaware specialty." *Internatl. Airport Ctrs., L.L.C. v. Citrin*, 455 F.3d 749, 752 (7th Cir.2006). Because this is a case of first impression for this court and because advancement is considered a "Delaware specialty," we find it proper to turn to our sister, the Delaware Supreme Court, for insight.

{¶ 23} The Delaware Supreme Court holds that "[a]dvancement provides corporate officials with immediate interim relief from the personal out-of-pocket financial burden of paying the significant on-going expenses inevitably involved with investigations and legal proceedings." *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 211 (Del.2005). The Delaware court explains that "[a]dvancement is an especially important corollary to indemnification as an inducement for attracting capable individuals into corporate service." *Id*. Similarly, "[i]ndemnification encourages corporate service by capable individuals by protecting their personal financial resources from depletion by the expenses they incur during an investigation or litigation that results by reason of that service." *Id*.

{¶ 24} Although advancement and indemnification are corollaries, they are not one and the same. As the Ohio Tenth District Court of Appeals described

8

aptly, "Advancement of litigation expenses for corporate officers and directors, while related to (and often a precursor of) indemnification, is a distinct remedy." *MD Acquisition, L.L.C. v. Myers*, 173 Ohio App.3d 247, 2007-Ohio-3521, 878 N.E.2d 37, ¶ 6 (10th Dist.). The Tenth District's holding is supported by the fact that the General Assembly provided for both the advancement of expenses and the indemnification of expenses in R.C. 1701.13(E), but set forth different procedures for each. See R.C. 1701.13(E)(1), (2), and (3) (providing for the indemnification of expenses) and 1701.13(E)(5)(a) (providing for the advancement of a director's expenses).

{¶ 25} Other courts also recognize that advancement and indemnification are not one and the same. In *Kaung v. Cole Natl. Corp.*, 884 A.2d 500 (Del.2005), the Delaware Supreme Court held, "Section 145 of the DGCL [Delaware General Corporation Law] expressly contemplates protection for corporate officials from the risks of legal proceedings not only by way of reimbursement (i.e., indemnification) but also by the pre-indemnification advancement of certain litigation-related expenses." *Id.* at 509. Similarly, the United States District Court for the Southern District of New York also holds that advancement and indemnification proceedings are different:

[T]he critical point about advancement of defense costs—as distinguished from, among other things, claims for indemnification after the fact—is that its value "*is that it is granted or denied while the underlying action is pending.*" It protects the "ability [of the employee] to mount * * * a defense * * * by safeguarding his ability to meet his expenses at the time they arise, and to secure counsel on the basis of such assurance."

(Footnote omitted, brackets and ellipses sic, and emphasis added.) *United States v. Stein*, 452 F.Supp.2d 230, 271-272 (S.D.N.Y.2006), quoting *United States v. Stein*, 435 F.Supp.2d 330, 335 (S.D.N.Y.2006).

{¶ 26} Keeping the definition of advancement and its distinction from indemnification in mind, we now turn to the facts of the present case.

### *R.C. 1701.13(E)(5)(a) requires the advancement of expenses by a corporation to a director*

{¶ 27} The parties disagree as to how R.C. 1701.13(E)(5)(a) should be interpreted and applied. Therefore, our analysis must begin with a review of that statute, which provides:

> Unless at the time of a director's act or omission that is the subject of an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, the articles or the regulations of a corporation state, by specific reference to this division, that the provisions of this division do not apply to the corporation and unless the only liability asserted against a director in an action, suit, or proceeding referred to in division (E)(1) or (2) of this section is pursuant to section 1701.95 of the Revised Code, expenses, including attorney's fees, incurred by a director in defending the action, suit, or proceeding shall be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the director in which he agrees to do both of the following:
>
> (i) Repay such amount if it is proved by clear and convincing evidence in a court of competent jurisdiction that his action or failure to act involved an act or omission undertaken with

10

deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation;

(ii) Reasonably cooperate with the corporation concerning the action, suit, or proceeding.

**{¶ 28}** The court of appeals held that "R.C. 1701.13(E)(5)(a) is mandatory in its application * * *." *Miller v. Miller*, 190 Ohio App.3d 458, 2010-Ohio-5662, 942 N.E.2d 438, ¶ 49. We agree. " 'Ordinarily, the word "shall" is a mandatory one, whereas "may" denotes the granting of discretion.' " *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 108, 271 N.E.2d 834 (1971), quoting *Dennison v. Dennison*, 165 Ohio St. 146, 149, 134 N.E.2d 574 (1956). R.C. 1701.13(E)(5)(a) states that a director's expenses "shall" be paid by the corporation, evidencing an intent by the legislature to make advancement of a director's expenses by a corporation mandatory. R.C. 1701.13(E)(5)(a) contains the critical word "shall," making the advancement of a director's fees mandatory.

**{¶ 29}** Despite the mandatory language in R.C. 1701.13(E)(5)(a), the Eleventh District held that the statute "is not applicable under the factual scenario as alleged in [appellees'] complaint." *Miller* at ¶ 49. First, the appellate court reasoned that advancement was not required because "Sam M. has not been sued as a result of any 'act or omission' on behalf of the corporation. Instead, as outlined in [their] complaint, [appellees] claim that Sam M. is liable for those acts done on behalf of a separate corporation, allegedly in contravention of his fiduciary duties as a director of Trumbull Industries." *Id.* at ¶ 50. Second, the Eleventh District held that because R.C. 1701.13(E)(5)(a) "refers to the indemnification division in (E)(1) and (2)[,] * * * the litigation must be 'an action, suit, or proceeding referred to in division (E)(1) or (2).' " *Id.* at ¶ 51.

**{¶ 30}** R.C. 1701.13(E)(1) and (E)(2) pertain to indemnification of expenses. R.C. 1701.13(E)(1) provides:

A corporation may indemnify or agree to indemnify any person who was or is a party * * * to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, other than an action by or in the right of the corporation, by reason of the fact that he is or was a director, officer, employee, or agent of the corporation, or is or was serving at the request of the corporation as a director, trustee, officer, employee, member, manager, or agent of another corporation, * * * against expenses * * * actually and reasonably incurred by him in connection with such action, suit, or proceeding, if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation * * *.

{¶ 31} R.C. 1701.13(E)(2) provides:

A corporation may indemnify or agree to indemnify any person who was or is a party * * * to any threatened, pending, or completed action or suit by or in the right of the corporation to procure a judgment in its favor, by reason of the fact that he is or was a director, officer, employee, or agent of the corporation, or is or was serving at the request of the corporation as a director, trustee, officer, employee, member, manager, or agent of another corporation, * * * against expenses * * * actually and reasonably incurred by him in connection with the defense or settlement of such action or suit, if he acted in good faith and in a manner he

12

reasonably believed to be in or not opposed to the best interests of the corporation * * *.

**{¶ 32}** After reviewing these provisions, the court of appeals held:

Based on the facts as alleged in the instant case, it is evident that (E)(2) is inapplicable, as that section relates to reimbursement for a director who seeks to procure a judgment in favor of the corporation.

Similarly, (E)(1) is inapplicable to this case, as that section applies to cases "other than an action by or in the right of the corporation." Based on the allegations in the complaint, this case is clearly contemplated by the exclusionary language contained in R.C. 1701.13(E)(1). * * * The complaint alleges harm to the corporation as a result of a violation of [Sam M.'s] duties *to* the corporation. This is inapposite to an "act or omission" *on behalf of* the corporation.

(Emphasis sic.) *Miller*, 190 Ohio App.3d 458, 2010-Ohio-5662, 942 N.E.2d 438, ¶ 52-53.

**{¶ 33}** According to the court of appeals, Sam M.'s entitlement to the benefits of this statute hinges on whether the litigation was "an action, suit, or proceeding" within the meaning of R.C. 1701.13(E)(1) or (2). *Id*. at ¶ 49. The Eleventh District held that in order for the advancement of fees to be mandatory, "the litigation must be" of the type described in R.C. 1701.13(E)(1) or (2). *Id*. For that reason, the appellate court turned to the allegations in appellees' complaint to determine whether the litigation involved a suit described in either R.C. 1701.13(E)(1) or (2), because those sections apply only if the director "acted

in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation." *Id.* at ¶ 51. The court of appeals concluded that the present action was not one described in R.C. 1701.13(E)(1) or (2), because appellees were not suing Sam M. for any "act or omission" he committed on behalf of the corporation. Instead, appellees were suing Sam M. for acts done on behalf of a separate corporation in alleged breach of his fiduciary duties as a director of Trumbull Industries. *Id.* at ¶ 50. Thus, appellees allege that the actions at issue were not taken in Sam M.'s capacity as a director of Trumbull, and Trumbull was therefore not required to advance expenses to Sam M.

{¶ 34} Similarly, appellees argue that R.C. 1701.13(E)(2) is not applicable because Sam M.'s acts or omissions were not "in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation," otherwise known as the "business-judgment rule," which is codified in R.C. 1701.59(B). Appellees also argue that Sam M. is not entitled to advancement of expenses because his actions were not taken as a result of his role as a director, but rather, as an officer of the corporation.

{¶ 35} We find the analysis of the Eleventh District and the argument of appellees flawed because the advancement of fees is neither determined by nor dependent upon whether a director is entitled to indemnification. As the court in *Stein* recognized,

> the scope of an advancement proceeding "is limited to determining 'the issue of entitlement according to the corporation's advancement provisions.'" "Neither indemnification nor recoupment of sums previously advanced are appropriate for litigation" in such a proceeding. They necessarily are reserved for subsequent determination.

*Stein*, 452 F.Supp.2d at 271-272, quoting *Kaung*, 884 A.2d at 509, quoting *Homestore, Inc. v. Tafeen*, 886 A.2d 502, 503 (Del.2005).

{¶ 36} The court in *Stein* also addressed the issue of whether advancement may be refused when the underlying litigation alleges misconduct that, if proven, would bar indemnification. The court held:

> The fundamental principle is that a company that undertakes to advance defense costs may not avoid that obligation by claiming that the litigation against its former employee for which the employee seeks advancement of defense costs accuses the employee of conduct that, if proved, would foreclose indemnification or establish a breach of the employment contract or of a fiduciary or other duty owed to the company. Nor may the company try the merits of its claims against an employee "in order to assert a set-off or recomponent [*sic,* recoupment] as an advancement defense."

(Brackets sic.) *Id*. at 272, quoting *Reddy v. Electronic Data Sys. Corp.*, Del.Chancery No. CIV.A. 19467, 2002 WL 1358761, *9 (June 18, 2002), fn. 26.

{¶ 37} The analysis in *Stein* is instructive to our analysis in the present case. The issue of whether Sam M. violated his fiduciary duties and, therefore, is not entitled to indemnification is not appropriate for our review. The only issue that is properly before this court now is whether Sam M. is entitled to advancement of expenses. Likewise, that is the only issue that should have been decided by the appellate court.

{¶ 38} Furthermore, appellees may not avoid their statutory obligation of advancement of expenses by claiming, as they do here, that Sam M.'s conduct, if proven, would foreclose indemnification due to an alleged breach of his fiduciary

duties. Allowing corporations to avoid advancement by asserting that a director breached his fiduciary duty would make the advancement statute pointless. As *Stein* explains,

> If a right to advancement of defense costs exists, the inherent nature of the right is to receive the funds as the defense costs are incurred. Postponement of determination whether such a right exists would render the right meaningless. By the time a decision were reached, the underlying proceeding would be over—the occasion for advancing defense costs would have passed and its purpose would have been defeated. In consequence, determination of a claim for advancement cannot wait until the underlying case is over, when an employee's right to indemnification may be determined. Nor can it wait until an employer decides whether to pursue any independent claims that it may have against the employee or, if it has brought such claims, until the employer's claims are determined.

*Stein*, 452 F.Supp.2d at 272-273.

{¶ 39} Thus, we hold that a corporation cannot avoid its duty to advance expenses to a director under R.C. 1701.13(E)(5)(a) by claiming that the director's alleged misconduct, if proven, would amount to a violation of his or her fiduciary duties and would therefore foreclose indemnification.

{¶ 40} We also reject appellees' argument that Sam M. was acting as an officer and was therefore not entitled to advancement of expenses, a right limited to directors under R.C. 1701.13(E)(5)(a). On appeal to the Eleventh District, appellees presented two issues in their merit brief:

16

[1] Sam M. Miller violated his corporate duties and did not act in the best interests of Trumbull Industries. The trial court failed to address any aspect of R.C. 1701.13. Does a trial court abuse its discretion by ordering a corporation to pay legal fees of an offending *director* with no legal analysis to support its decision?

[2] Trumbull Industries' Articles of Incorporation do not envision reimbursement of a *director's* attorney fees while a litigation is pending.

(Emphasis added.)

**{¶ 41}** As shown by the issues framed by appellees on appeal, throughout this litigation appellees have focused on whether Sam M. is entitled to the advancement of fees for his role as a director. Now, for the first time, appellees assert to this court that "Trumbull is not obligated to advance defense costs for Sam M.'s misconduct as an officer of Trumbull." The assertion is disingenuous. Moreover, appellees waived the issue because this argument was not presented before the court of appeals. See *State ex rel. DeGroot v. Tilsley*, 128 Ohio St.3d 311, 2011-Ohio-231, 943 N.E.2d 1018, ¶ 9 (party waived argument "by failing to raise it in the court of appeals").

**{¶ 42}** We hold that when a corporation has received the undertaking described in R.C. 1701.13(E)(5)(a), the corporation is required to advance expenses to a director unless the corporation's articles or regulations specifically state that R.C. 1701.13(E) does not apply to the corporation.

**{¶ 43}** Simply alleging that a director would not be entitled to indemnification because of his alleged violations of a director's fiduciary duties is insufficient. Entitlement to indemnification of expenses is an entirely different issue, separate and apart from entitlement to advancement of expenses.

***A corporation may opt out of the mandatory advancement
requirement by following the clear terms set forth in R.C. 1701.13(E)(5)(a)***

**{¶ 44}** Although R.C. 1701.13(E)(5)(a) requires advancement of a director's expenses, it also gives a corporation a way to opt out of that requirement. The pertinent language of R.C. 1701.13(E)(5)(a) provides:

> Unless at the time of a director's act or omission that is the subject of an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, *the articles or the regulations of a corporation state, by specific reference to this division, that the provisions of this division do not apply to the corporation * * *,* expenses * * * shall be paid by the corporation as they are incurred, in advance * * *.

(Emphasis added.) Thus, if Trumbull's articles of incorporation specifically stated that R.C. 1701.13(E)(5)(a) did not apply at the time of Sam M.'s alleged acts or omissions, Trumbull would not be required to advance expenses to Sam M. Thus, our review turns to Trumbull's articles of incorporation at the time of Sam M.'s alleged acts and omissions.

**{¶ 45}** Article Six of Trumbull's articles of incorporation states:

> Any person who at any time shall serve, or shall have served, as director, officer or employee of the corporation, or of any other business or firm at the request of the Board of Directors or management of this corporation * * * shall be saved harmless and indemnified by this corporation of all costs and expenses, including but not limited to counsel fees, amounts paid in settlement, judgments and interest on judgment and court costs,

> reasonably incurred in connection with the defense of any claim, action, suit or proceeding * * * in which he or they may be involved by virtue of such position with or by direction of this corporation * * *.

Although the articles of incorporation do provide for indemnification as shown above, they do not provide for advancement.

{¶ 46} The Eleventh District rejected Sam M.'s argument that "in the absence of an advancement provision in the articles of incorporation, as contemplated by R.C. 1701.13(E)(5)(a), the advancement of fees is mandatory." *Miller*, 190 Ohio App.3d 458, 2010-Ohio-5662, 942 N.E.2d 438, at ¶ 57. But in rejecting Sam M.'s argument, the court of appeals relied on *James River Mgt. Co. v. Kehoe* (E.D.Va.2009), 674 F.Supp.2d 745. In *Kehoe*, the corporation's bylaws "did not provide advancement or indemnification rights to its officers." *Id*. at 753. The court held that "advancement is mandated only when the corporation has exercised the underlying right to make indemnification available." *Id*.

{¶ 47} *Kehoe* is distinguishable from the present case because the corporation in *Kehoe* did not provide for either advancement or indemnification in its bylaws. Trumbull, however, did provide for indemnification of expenses in its articles of incorporation. Therefore, even if this court followed the reasoning set forth in *Kehoe*, which we do not, advancement would be mandatory because Trumbull exercised its underlying right to make indemnification available.

{¶ 48} We hold that when a corporation has received from a director the undertaking described in R.C. 1701.13(E)(5)(a), the corporation is required to advance expenses to the director unless the corporation's articles or regulations specifically state that R.C. 1701.13(E) does not apply to the corporation. " 'The preeminent canon of statutory interpretation requires us to "presume that [the] legislature says in a statute what it means and means in a statute what it says

there." ' " *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 27, quoting *BedRoc Ltd., L.L.C. v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004), and *Connecticut Natl. Bank v. Germain*, 503 U.S. 249, 253-254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). R.C. 1701.13(E)(5)(a) explicitly sets forth the process for a corporation to avoid mandatory advancement. Trumbull did not opt out of the mandatory advancement requirement, because its articles of incorporation failed to include the necessary language set forth in R.C. 1701.13(E)(5)(a).

### *The corporate duty to advance expenses arises only upon receipt of the director's undertaking pursuant to R.C. 1701.13(E)(5)(a)(i) and (ii)*

{¶ 49} Advancement is not automatic. The advancement of expenses arises only

> upon [the corporation's] receipt of an undertaking by or on behalf of the director in which he agrees to do both of the following:
>
> (i) Repay such amount if it is proved by clear and convincing evidence in a court of competent jurisdiction that his action or failure to act involved an act or omission undertaken with deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation;
>
> (ii) Reasonably cooperate with the corporation concerning the action, suit, or proceeding.

R.C. 1701.13(E)(5)(a). Therefore, advancement was required only if Sam M. complied with the terms of R.C. 1701.13(E)(5)(a)(i) and (ii).

{¶ 50} It is undisputed that on September 13, 2005, Sam M. executed the requisite undertaking to comply with the terms of R.C. 1701.13(E)(5)(a) and that in that undertaking, Sam M. agreed to abide by the duties set forth in R.C.

1701.13(E)(5)(a)(i) and (ii). It is also undisputed that appellees received Sam M.'s undertaking. Yet appellees argue that Sam M.'s agreement to "reasonably cooperate" with the corporation was "a sham." Appellees point to Sam M.'s deposition testimony as evidence that "he would not cooperate with Trumbull in this litigation unless ordered to do so by a majority of the Trumbull Board."

{¶ 51} The cited testimony does not support appellees' argument. First, appellees fail to point to any specific evidence showing that Sam M. has actually failed to reasonably cooperate with the corporation. Second, when, as here, a director is being sued by his corporation, any duty to "reasonably cooperate" should not require the director to surrender his right to defend himself.

{¶ 52} Even when the parties are at odds in litigation, the duty to advance expenses often "requires companies to advance the cost of defending claims that allege wrongs to the companies, even lawsuits brought by companies themselves against former officers and directors." *Stein*, 452 F.Supp.2d at 272; see also *Ridder v. CityFed Fin. Corp.*, 47 F.3d 85 (3d Cir.1995) (advancement required for defense of bank employees sued by the federal government, as receiver, to recover alleged damages to the bank); *Citadel Holding Corp. v. Roven*, 603 A.2d 818 (Del.1992) (ordering advancement of cost of defending action brought by company itself).

{¶ 53} Here, Sam M. executed the requisite undertaking described in R.C. 1701.13(E)(5)(a)(i) and (ii). When appellees received the undertaking, their statutory duty to advance Sam M.'s expenses arose. Thus, appellees are required by statute to advance Sam M.'s expenses pursuant to R.C. 1701.13(E)(5)(a).

## CONCLUSION

{¶ 54} Based upon the unambiguous language of R.C. 1701.13(E)(5)(a), we hold that Trumbull is required by law to advance expenses to Sam M. Trumbull's articles of incorporation do not state by specific reference that R.C. 1701.13(E)(5)(a) does not apply to Trumbull. Thus, we hold that appellees failed

to show that Trumbull opted out of the mandatory advancement requirement. Finally, we hold that Trumbull's statutory duty to advance Sam M.'s fees arose upon receipt of Sam M.'s undertaking.

{¶ 55} For these reasons, we reverse the appellate court's judgment finding that the trial court improperly ordered Trumbull to pay the attorney fees of Sam M., reinstate the trial court's judgment finding Trumbull in contempt for refusing to pay Sam M.'s expenses pursuant to R.C. 1701.13(E)(5)(a), and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

PFEIFER, LUNDBERG STRATTON, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., dissents.

_____

**O'DONNELL, J., dissenting.**

{¶ 56} I respectfully dissent.

{¶ 57} This case concerns whether a director of a closely held corporation who has fraudulently usurped a corporate opportunity for personal benefit in breach of a fiduciary duty may compel the corporation to advance expenses, including attorney fees, to defend a lawsuit brought to recover damages for that misconduct.

{¶ 58} Although R.C. 1701.13(E)(5)(a) requires a corporation to advance these expenses to a director made a party to an action, suit, or proceeding by reason of serving as a director of the corporation, it is limited to claims arising out of service as a director. Thus, a corporation has no statutory duty to advance expenses if the director acted in an individual capacity or as an officer, employee, or shareholder of the corporation.

{¶ 59} The statute also provides that the duty to advance expenses does not exist unless the director undertakes to repay the advances if a court determines that the director deliberately intended to cause injury to the corporation or recklessly disregarded its best interests. It further obliges the director to cooperate with the corporation in the litigation. R.C. 1701.13(E)(5)(a)[1] provides:

> Expenses, including attorney's fees, incurred by a director in defending the action, suit, or proceeding shall be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the director in which the director agrees to do *both* of the following:
>
> (i) Repay that amount if it is proved by clear and convincing evidence in a court of competent jurisdiction that the director's action or failure to act involved an act or omission undertaken with deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation;
>
> (ii) *Reasonably cooperate with the corporation concerning the action, suit, or proceeding*.

(Emphasis added.)

{¶ 60} Thus, a director who receives an advancement of expenses has a duty to reasonably cooperate with the corporation concerning the action, suit, or proceeding, but a director who is a party opponent sued by the corporation cannot

---

1. In Sub.H.B. No. 48, the General Assembly amended R.C. 1701.13(E)(5)(a) effective May 4, 2012, but the amendments are not substantive and do not affect the analysis employed here.

*reasonably* cooperate with the corporation and therefore cannot compel payment of expenses including attorney fees.

{¶ 61} In view of the corporate duty to advance litigation costs to a director, the first question becomes whether the acts here occurred in that capacity. Although the complaint alleges that Samuel M. Miller acted as a director, testimony confirms that he acted as an officer of the corporation when he usurped the opportunity from Trumbull Industries and purloined it to his own personal advantage. Miller served as vice president overseeing sales and marketing, and in that capacity he solicited business from Trumbull Industries' customers, including Jacuzzi, which eventually gave its vitreous china business to Miller's Private Brand Company notwithstanding Miller's recognition that "it was a Trumbull opportunity."

{¶ 62} The second question presented is whether any duty exists to advance litigation expenses when the director cannot cooperate with the corporation because the director is being sued by the corporation. In my view, the advancement statute has been misconstrued; it does not apply in these kinds of circumstances where a corporation is suing one of its own directors. Notably, the defendant director has a duty to cooperate with the plaintiff corporation and cannot do so. To require advancement of expenses in this situation is unwarranted and fails to carry out legislative intent.

{¶ 63} The General Assembly thus did not intend to require a corporation suing one of its directors for fraud and for usurping a corporate opportunity to advance the costs of defending the action *against itself*. When the director and the corporation are adverse parties in litigation, the director simply cannot reasonably cooperate in the manner required by the statute, and the circumstances of this case demonstrate the futility of expecting a director to fully and honestly assist the corporation's suit against him. Notably, even though the president of Trumbull Industries sought his cooperation, Miller has refused, asserting that only

24

a majority of the divided and deadlocked board of directors could request cooperation.

{¶ 64} Here, Trumbull Industries moved for a declaration that R.C. 1701.13(E)(5) did not require it to advance Samuel M. Miller the costs of defending this litigation, but the trial court concluded that it could not relieve it of the duty of advancing expenses until the ultimate issues in the case had been decided at trial, even though the court found that "on its face," Samuel Miller's conduct was "ultra vires" and "he isn't entitled to that protection."

{¶ 65} I agree with the principle that a corporation cannot avoid the duty to advance expenses by making the mere allegation that the director committed fraud or breached a fiduciary duty. But in my view, it is not necessary for a corporation to await final judgment in the action before seeking a declaration that it has no duty to advance the costs of the litigation to an adverse party. Rather, when a circumstance arises, as here, where the director did not act in the capacity of a director or reasonably cooperate in the litigation, the corporation has no duty to advance expenses.

{¶ 66} The evidence shows that Trumbull Industries had no duty to advance litigation expenses to Miller because he acted in his capacity as an officer when he breached his fiduciary duties to it. Further, the statute does not apply in these kinds of circumstances, in which a corporation sues a director and the director fails to reasonably cooperate with the corporation. Accordingly, I would affirm the judgment of the court of appeals, and because the majority of the court fails to recognize the director's duty to reasonably cooperate with the corporation concerning actions, suits, or proceedings, I urge the General Assembly to reexamine this statute and further clarify that when the corporation is suing the director and there can be no such cooperation, no fees need be advanced in such circumstances.

_____

Tucker Ellis, L.L.P., Irene C. Keyse-Walker, Harry D. Cornett, and Benjamin C. Sassé; Comstock, Springer & Wilson Co., L.P.A., Marshall D. Buck, and Megan M. Graff; and Charles L. Richards, for appellees.

Ulmer & Berne, L.L.P., Marvin L. Karp, Michael N. Ungar, Lawrence D. Pollack, and Brad A. Sobolewski, for appellant.

Eugene P. Whetzel; and Jones Day, Chad A. Readler, Lyle G. Ganske, Jeanne M. Rickert, Louis A. Chaiten, and Amanda R. Parker, urging reversal for amicus curiae, Ohio State Bar Association.

———————————