[Cite as *Xtreme Limo, L.L.C. v. Antill*, 2020-Ohio-4314.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Xtreme Limo, LLC, et al., | : | |
| Plaintiffs-Appellees, | : | |
| | : | No. 19AP-799 |
| v. | : | (C.P.C. No. 16CV-11502) |
| Shawn M. Antill, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 3, 2020

**On brief:** *The Law Office of Anthony Greco, LPA, Anthony W. Greco,* and *Hari K. Sathappan,* for appellees.

**On brief:** *The Knoll Law Firm, LLC,* and *Laren E. Knoll,* for appellant; *The Caudill Firm, LLC,* and *Danny L. Caudill,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Shawn Antill was an employee of US Tank Alliance, Inc., where he managed one of the company's affiliates, Xtreme Limo, LLC, and was given the title of "President of Xtreme Limo." Appellant's Brief at 2-3, citing March 10, 2017 Second Amended Complaint ("SAC") at ¶ 35, 52. In October of 2016, he left that employment after acquiring an interest in an alleged Xtreme Limo competitor, Classic Limousines. Appellant's Brief at 3; SAC at ¶ 71-72, 77. Just over a month later (and simplifying the procedural posture here a bit, much as the parties do in their briefing to us), US Tank Alliance, Inc., Xtreme Limo, and another affiliated entity sued Mr. Antill (and others) on claims including (variously for different plaintiffs) breach of fiduciary duty, breach of contract, and unjust enrichment, *see* Appellant's Brief at 2, as well as for tortious interference with business relationships, conversion, and misappropriation of trade secrets, *see* SAC.

{¶ 2}    By motion of May 28, 2019, Mr. Antill asked the trial court to require US Tank Alliance, Inc. to front his litigation expenses.  The trial court having declined to do so, *see* November 5, 2019 Order and Entry, Mr. Antill brings this interlocutory appeal from that denial. *Compare Miller v. Miller*, 132 Ohio St.3d 424, 2012-Ohio-2928, ¶ 38 (" 'Postponement of determination [of] whether [right to advancement] exists would render the right meaningless' ") (citation omitted). Because the law does not require US Tank to advance Mr. Antill's litigation expenses, we affirm the ruling of the trial court and send the matter back so that the case may proceed on that basis.

{¶ 3}    The parties agree that the issue before us is governed by Ohio law, notwithstanding that US Tank is a Massachusetts corporation, and the trial court analyzed the matter accordingly. November 5, 2019 Order and Entry at 3, fn. 1; May 28, 2019 Motion for Advancement at 2, fn. 3.  Concluding that Mr. Antill had been "an employee, as opposed to [a] director, of US Tank," the trial court correctly ruled that he has no "entitlement to mandatory advancement of litigation expenses pursuant to R.C. 1701.13(E)(5)(a)(1)" (requiring corporations to advance legal fees to directors in many circumstances).  Order and Entry at 4.  And because "there is no equivalent provision in R.C. Chapter 1705 [governing LLCs] requiring mandatory advancement of litigation expenses to a director or officer of a limited liability company," the trial court found that Mr. Antill's title with Xtreme Limo did "not afford him the relief he requests." *Id.*

{¶ 4}    Mr. Antill makes two assignments of error:

> 1. The trial court erred in its exclusive reliance on R.C. 1701.13(E)(5)(a)(1) to deny Appellant's motion for advancement of litigation expenses.
>
> 2. The trial court erred by denying Antill's motion for advancement of litigation expenses.

Appellant's Brief at 1.  Because his second assignment subsumes his first, we begin with that bottom-line issue.

{¶ 5}    Mr. Antill says that he "never claimed that he was a director," and he acknowledges that he does not have a right to the "mandatory advancement" that often could be claimed by directors under the statute.  Appellant's Brief at 5, 1.  Rather, he urges, he is entitled to "permissive advancement" through operation of US Tank Alliance, Inc. bylaws in conjunction with R.C. 1701.13(E)(5)(b) (which authorizes a corporation to

advance litigation expenses to directors, officers, employees, and specified others "as authorized by the directors in the specific case" upon application with promise to repay if the person ultimately is found not entitled to indemnification). *Id.* at 1, 5-6 (further arguing that "[w]hen a corporation, such as US Tank, chooses to incorporate [litigation expense advancement] provisions into their rules and regulations, those provisions have the force of contracts") (citing *Westbrook v. Swiatek*, 5th Dist. No. 2009 CAE 05 0048, 2010-Ohio-2868, ¶ 28; *see also id.* at ¶ 29 [advancement requirement in such circumstances is a matter of contract]).

{¶ 6} Although Mr. Antill's appeal emphasizes the distinction between R.C. 1701.13(E)(5)(a) (as limited to directors) and (b) (allowing discretionary provision for advancements to directors, officers, employees, and others), *see* Appellant's Brief at 1, his briefing to the trial court did not specify the (b) subsection at all; instead, it referred generically to "R.C. §1701.13," *see* May 28, 2019 Motion for Advancement at 2, 3, and claimed a "statutory right to advancement," *id.* at 2. So the trial court's focus on Mr. Antill's lack of statutory "entitlement to mandatory advancement of litigation expenses" is quite understandable. We will proceed, however, to assess the contract claim that Mr. Antill makes by virtue of US Tank's bylaws (which he did invoke in his arguments to the trial court).

{¶ 7} Section 5.04 of those bylaws specifically addresses "Advance Payment of Expenses." It provides that US Tank shall make advance payment of litigation expenses "incurred by a director or officer" in defending a lawsuit "upon receipt of an undertaking by * * * the director to repay such amount if it shall ultimately be determined that he is not entitled to be indemnified by the corporation as authorized" in Article V. That bylaw entitlement to advance payments therefore is limited to directors or officers, as Section 5.04 further underscores by providing that "other employees and agents may be so paid upon such terms and conditions, if any, as the Board of Directors deems appropriate."

{¶ 8} Mr. Antill argues that "[t]here is no doubt that [he] was an officer of US Tank," and that he therefore is due the advance. Appellant's Brief at 6. But he points us to nothing, and directed the trial court to nothing, that would have established the trial court's authority to order such payments on that basis. The fact that he was called "President of Xtreme Limo" does not make him an officer of US Tank Alliance, Inc. (the incorporated

entity the bylaws of which Mr. Antill invokes).  Nor does the deposition response of "[y]es" by US Tank's owner to this compound question:  "And [Mr. Antill's] title, if he had to have a title, at US Tank Alliance, Incorporated is still president of Xtreme Limo, LLC.  He's an employee, he's this officer-level employee assigned to be the president of Xtreme Limo, LLC, correct?"  April 4, 2019 Crosa Deposition at 67 (filed June 6, 2019).   That response relating to Mr. Antill's title for Xtreme Limo does not designate him as an officer of US Tank.  *Compare* US Tank Bylaws Section 3.02 ("Unless otherwise determined by the Board of Directors, the officers of the Corporation shall be elected by the Board of Directors at the annual meeting of the Board of Directors"); April 4, 2019 Crosa Deposition at 65, 68 (Mr. Antill was "hired as an employee of US Tank Alliance assigned to manage Xtreme Limo and was promoted to president of Xtreme Limo in August of 2014"; Xtreme Limo and US Tank are "separate companies," with US Tank providing financial and "administrative support" to Xtreme Limo).

{¶ 9}    Similarly, US Tank's allegation that Mr. Antill breached a fiduciary duty to it does not mark him as having been an "officer" of that corporation.  Just as the fact that all rabbits are animals does not mean that all animals are rabbits, that "[c]orporate officers * * * are fiduciaries," *see* Appellant's Brief at 8, does not mean that all fiduciaries are corporate officers.  *See, e.g.*, *Miller Medical Sales, Inc. v. Worstell*, 10th Dist. No. 91AP-610, 1992 Ohio App. Lexis 779, *17-18 (salesman's fiduciary or trust relationship with company can require an accounting if salesman breaches non-compete agreement).

{¶ 10} Mr. Antill broadens his argument to include the notion that US Tank is obliged by its bylaws to advance his litigation expenses because its lawsuit arises from his former status as an "employee."  Appellant's Brief at 6, 7.  In doing so, he relies on Section 5.01 of the bylaws (captioned "Nature of Indemnity").  *Id.* at 7.  But he is wrong to conflate "indemnity" with "advance payment," as indeed the distinctions between bylaw Sections 5.01 and 5.04 show.  Unlike Section 5.04 (specifically dealing with "Advance Payment" and limiting required advances to "a director or officer" of US Tank), Section 5.01 requires that US Tank "shall indemnify any person who was or is a party * * * to any * * * action * * * by reason of the fact that he is or was * * * a director or officer of the Corporation [US Tank], or is or was serving * * * at the request of the Corporation a director or officer, of another corporation * * * *except that in the case of an action or suit by or in the right of the*

*Corporation * * * no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation.*" Bylaws Section 5.01 (emphasis added). Mr. Antill does not advert to the italicized words, which make clear that the potential "indemnification" contemplated by this language relates to indemnification that "shall be made" after resolution of the claims and dependent upon their outcome. Correspondingly, Bylaw Section 5.02 underscores that a qualifying employee is to be "indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him." Section 5.04 then discusses the more limited possibility for "Advance Payment of Expenses" (to directors and officers, and to others only with special leave of the Board), and Section 5.05 (emphasis added) highlights the distinction between indemnification and advances in the context of directors and officers (by referring to "[a]ny indemnification of a director or officer of the Corporation under Sections 5.01 and 5.02, *or* advance of costs, charges and expenses to a director or officer under Section 5.04 of this Article," and by then again speaking of "indemnity *or* advancement of expenses."

{¶ 11} Section 5.01 of the bylaws may, in theory, at some point help Mr. Antill recover indemnification if he succeeds in his defense, but it does not entitle him to an advance of litigation expenses under Section 5.04. As Mr. Antill concedes in a different section of his briefing, "advancement is a distinct remedy from indemnification. *MD Acquisition, LLC v. Myers*, 173 Ohio App.3d 247, 2007-Ohio-3521 at ¶ 6, [(10th Dist.)]." Appellant's Brief at 9.

{¶ 12} Mr. Antill's final argument on appeal is that the "purpose of advancement" as contemplated by Ohio statute advances "policies" that require us to reverse the trial court's determination. Appellant's Brief at 9. The legislature, of course, adopts statutes, not perceived purposes, and policy arguments do not trump or alter statutory text. In any event, Mr. Antill's argument is confounding because his briefing on appeal proclaims that he is *not* seeking "*mandatory* advancement" under statutory requirements, but rather claims a "contractual right" under US Tank's bylaws. *Id.* at 1 (emphasis added). (As we have seen, US Tank's bylaws do not promise him advancement.)

{¶ 13} The trial court did not err in denying Mr. Antill's motion for advancement of litigation expenses from US Tank. We thus overrule Mr. Antill's second assignment of error

and thereby render his first assignment of error moot.  This cause is remanded to the trial court for further proceedings in the case.

*Judgment affirmed; cause remanded for further proceedings.*

SADLER, P.J. and BRUNNER, J., concur.

———————————